[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-13481
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cr-00269-ELR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT A. GIST,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(December 8, 2020)

Before MARTIN, BRANCH and MARCUS, Circuit Judges.

PER CURIAM:

Robert Gist, a federal prisoner, appeals the district court's denial of his motion for a reduced sentence under 18 U.S.C. § 3582(c)(1)(A), as amended by Section 603(b) of the First Step Act of 2018, Pub. L. 115 391, 132 Stat. 5194 ("First Step Act").  On appeal, Gist argues that the district court erred by finding that he had not established extraordinary and compelling circumstances.  After careful review, we vacate and remand for proceedings consistent with this opinion.

We review a district court's denial of a sentence reduction under § 3582(c)(2) based on a subsequent change in the Sentencing Guidelines for abuse of discretion. United States v. Webb, 565 F.3d 789, 792 (11th Cir. 2009); see also 18 U.S.C. § 3582(c)(2) (providing that a district court may, after considering the factors in 18 U.S.C. § 3553(a), reduce a defendant's sentence based on a subsequent change in the Sentencing Guidelines, if doing so is consistent with applicable policy statements).  Similarly, a district court's denial of a sentence reduction under Section 404 of the First Step Act is reviewed for abuse of discretion. United States v. Jones, 962 F.3d 1290, 1296 (11th Cir. 2020).  The district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes clearly erroneous factual findings.  United States v. Barrington, 648 F.3d 1178, 1194 (11th Cir. 2011).

It is well established that a district court has no inherent authority to modify a defendant's sentence and may do so "only when authorized by a statute or rule."

2

United States v. Puentes, 803 F.3d 597, 605-06 (11th Cir. 2015). Prior to the First Step Act, 18 U.S.C. § 3582(c)(1)(A) allowed the district court to reduce a prisoner's term of imprisonment upon motion of the Director of the Bureau of Prisons ("BOP"), after considering the factors set forth in section 3553(a), if it found that extraordinary and compelling reasons warranted such a reduction. 18 U.S.C. § 3582(c)(1)(A) (effective November 2, 2002 to December 20, 2018). The First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to allow the court to reduce a defendant's term of imprisonment also upon motion of the defendant, after the defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. See First Step Act § 603; 18 U.S.C. § 3582(c)(1)(A). The court must find that extraordinary and compelling reasons warrant the reduction, consider the § 3553(a) factors, and find that a reduction is consistent with applicable policy statements issued by the Sentencing Commission. Id.

The policy statements applicable to § 3582(c)(1)(A) are found in U.S.S.G. § 1B1.13, which, notably, has not been amended since the First Step Act was passed and refers only to a sentence reduction upon a motion from the BOP Director. See U.S.S.G. § 1B1.13 (stating that a court may reduce a prisoner's sentence only upon a motion from the BOP Director). The commentary to § 1B1.13 provides that

3

extraordinary and compelling reasons exist under any of the circumstances listed, so long as the court determines that the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g). See U.S.S.G. § 1B1.13; id., comment. (n.1).

As relevant here, the commentary lists a defendant's medical condition and age as possible "extraordinary and compelling reasons" warranting a sentence reduction. U.S.S.G. § 1B1.13, comment. (n.1). A defendant's medical condition may warrant a sentence reduction if he (1) has a terminal disease or (2) is suffering from a physical or mental condition that diminishes his ability to provide self-care in prison and from which he is not expected to recover. Id., comment. (n.1(A)). Deteriorating mental or physical health resulting from the aging process also may constitute an extraordinary or compelling reason for granting a sentence reduction. Id. A prisoner's age may be an extraordinary or compelling reason if the prisoner (1) is at least 65 years old, (2) is experiencing a serious deterioration in physical or mental health because of the aging process, and (3) has served at least 10 years or 75 percent of his term, whichever is less. Id., comment. (n.1(B)). A prisoner's rehabilitation is not, by itself, an extraordinary and compelling reason warranting a sentence reduction. Id., comment. (n.3). The commentary also contains a catch-all provision for "other reasons," which provides that a prisoner may be eligible for a sentence reduction if "[a]s determined by the Director of the Bureau of Prisons, there

4

exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the other specific examples listed.  Id., comment. (n.1(D)).

A district court must explain its sentencing decisions adequately enough to allow for meaningful appellate review.  Gall v. United States, 552 U.S. 38, 50 (2007).  We've held that a district court's denial of a motion for early termination of supervised release under § 3583(e)(1) constitutes an abuse of discretion if its order does not indicate the basis for its denial.  United States v. Johnson, 877 F.3d 993, 1000 (11th Cir. 2017).  In Johnson, where the district court had denied Johnson's motion in a paperless entry on the docket without explaining its decision, and without any indication from the record as to what the basis for the denial was, we deemed the order insufficient for meaningful appellate review.  Id. at 996, 999-1000.

By contrast, in Chavez-Meza v. United States, the Supreme Court held that a form order that denied a motion for a sentence reduction under § 3852(c)(2) -- and that indicated that the district court had considered the motion, the § 3553(a) factors, and the relevant policy statement -- was sufficient for appellate review.  138 S. Ct. 1959, 1965, 1967 (2018).  The Supreme Court explained that because the record as a whole, including prior sentencing proceedings, provided the district court's reasoning for its denial and showed that the district court considered the parties' arguments, its minimal explanation was sufficient.  Id. at 1967.

5

Here, it is not clear from the district court's denial of Gist's motion whether it believed it had the authority to consider Gist's proffered extraordinary and compelling circumstances. After outlining the changes to § 3582(c)(1)(A) made by the First Step Act, the district court listed the grounds on which Gist sought compassionate release -- including his age of 69 years, his medical conditions (hypertension, a cardiac murmur, and prostate cancer), the BOP's response to the COVID-19 pandemic, his non-violent history, his support system outside of prison, and his personal improvement while incarcerated.[1] It then said that: "[T]he Court does not find Defendant's circumstances to be extraordinary and compelling." However, it is unclear whether the district court denied Gist relief because it concluded that the commentary to § 1B1.13 did not allow it to grant a prisoner's motion for the reasons Gist gave, which are not specifically provided for in in the commentary, or because it concluded that Gist's specific circumstances were not extraordinary and compelling reasons.[2] Further, the First Step Act only recently

---

[1]     To the extent Gist argues that the district court abused its discretion by failing to consider his age in its decision, the record belies this claim. Indeed, the district court expressly referenced his age in a footnote, noting that he was 69 years old, and acknowledged earlier in the order that Gist argued that he was entitled to compassionate release because his age and medical conditions constituted extraordinary and compelling circumstances. There is simply no merit to Gist's argument that the district court failed to consider his age in its decision.

[2]     We note that our Court recently has held oral argument in two cases, United States v. Bryant, case no. 19-14267, and United States v. Winner, case no. 20-11692, which both raise the question of whether, after the First Step Act, the Sentencing Commission's policy statement in § 1B1.13, comment (n.1), continues to limit the district court's authority in compassionate release motions filed by prisoners.

made changes to § 3582(c) that may have affected the district court's decision, so we cannot ascertain the district court's reasoning from the record. Without knowledge of the district court's basis for the denial, we cannot evaluate whether the district court abused its discretion by denying Gist's motion. Accordingly, we vacate the district court's denial and remand for clarification as to whether the district court believed that it could consider Gist's proffered reasons or that it was limited to the reasons as listed in the policy statements to § 3582(c)(1)(A).

**VACATED AND REMANDED.**