[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-12636
Non-Argument Calendar

_____

D.C. Docket No. 9:12-cr-80151-DMM-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANK JOSEPH SMITH,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 21, 2021)

Before JORDAN, GRANT, and LAGOA, Circuit Judges.

PER CURIAM:

Frank Smith, who is serving a 240-month sentence for producing child
pornography, appeals *pro se* the district court's denial of his motion for

compassionate release under Section 603 of the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194 ("First Step Act") and 18 U.S.C. § 3582(c)(1)(A).  He argues that the district court abused its discretion in finding that his age of 67 and underlying medical conditions were not extraordinary and compelling circumstances in light of the COVID-19 pandemic and its impact on his prison facility.[1]

We review *de novo* whether a district court had the authority to modify a term of imprisonment under § 404 of the First Step Act.  *United States v. Jones,* 962 F.3d 1290, 1296 (11th Cir. 2020).  And we review for abuse of discretion the denial of an eligible movant's request for a reduced sentence under § 404.  *Id.*  A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous.  *United States v. Khan*, 794 F.3d 1288, 1293 (11th Cir. 2015).  We liberally construe the pleadings of *pro se* litigants.  *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

In 2018, Congress enacted the First Step Act, which, in part, amended 18 U.S.C. § 3582(c)(1)(A) to increase the use and transparency of compassionate release of federal prisoners.  *See* First Step Act § 603.  The statute provides that a

---

[1] Smith appears to suffer from hypertension and claims to have suffered two strokes, two spinal fusions, and melanoma.

"court may not modify a term of imprisonment once it has been imposed" except under certain circumstances and further provides:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . if it finds that extraordinary and compelling reasons warrant such a reduction.

18 U.S.C. § 3582(c)(1)(A).  Section 3582(c)(1)(A) also requires that any reduction be consistent with applicable policy statements issued by the sentencing commission.  *Id.*  Prior to the First Step Act, a district court could grant a sentence reduction under § 3582(c)(1)(A) only upon a motion by the Federal Bureau of Prisons ("BOP") Director.  *See* First Step Act § 603(b).

The policy statements applicable to § 3582(c)(1)(A) are found in U.S.S.G. § 1B1.13, which provides that the court may reduce a term of imprisonment "if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable," it finds, in relevant part, that extraordinary and compelling reasons warrant the reduction.  The court must determine that the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C.

3

§ 3142(g), before it can determine whether extraordinary and compelling reasons exist. *See* U.S.S.G. § 1B1.13; *id.*, comment. (n.1).[2]

A defendant's medical condition and age are possible "extraordinary and compelling reasons" warranting a sentence reduction. *Id.* A defendant's medical condition may warrant a sentence reduction if, in relevant part, his ability to provide self-care in prison is substantially diminished and he is not expected to recover because of: (1) a serious physical or mental condition; (2) a serious functional or cognitive impairment; or (3) deteriorating physical or mental health because of the aging process. *Id.*, comment. (n.1(A(ii))). A prisoner's age may be an extraordinary or compelling reason if he: (1) is at least 65 years old; (2) is experiencing a serious deterioration in physical or mental health because of the aging process; and (3) has served at least 10 years or 75 percent of his term, whichever is less. *Id.*, comment. (n.1(B)). The commentary also provides that a prisoner may be eligible for a sentence reduction if, "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the other specific examples listed. *Id.*, comment. (n.1(D)).

---

[2] This Court has yet to decide in a published opinion whether a district court is required to consider or apply USSG § 1B1.13, comment. (n.1) in addressing a motion for compassionate release under the First Step Act and 18 U.S.C. § 3582(c).

A district court must explain its sentencing decisions sufficiently to allow for meaningful appellate review. *Gall v. United States*, 552 U.S. 38, 50 (2007). Where consideration of the 18 U.S.C. § 3553(a) factors is mandatory, it is not necessary for the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of them. *United States v. Kuhlman*, 711 F.3d 1321, 1326 (11th Cir. 2013). Rather, the district court's acknowledgment that it considered the § 3553(a) factors and the parties' arguments is sufficient. *United States v. Sarras*, 575 F.3d 1191, 1219 (11th Cir. 2009).

In *Chavez-Meza v. United States*, the Supreme Court addressed a district court's order reducing a movant's sentence under 18 U.S.C. § 3582(c)(2) using an administrative form stating that it considered the motion, the § 3553(a) factors, and the relevant policy statement. 138 S. Ct. 1959, 1964-65 (2018). Noting the simplicity of the petitioner's case and that all the proceedings involved the same judge, the Supreme Court held that the record as a whole, including prior sentencing proceedings, satisfied it that the judge considered the parties' arguments and had "a reasoned basis for exercising his own legal decisionmaking authority," rendering the minimal order sufficient. *Id.* at 1967-68 (quotation marks omitted).

Conversely, in *United States v. Johnson*, we held that a district court's denial of a motion for early termination of supervised release under § 3583(e)(1) was an abuse of discretion because neither its summary order nor the record indicated the

5

basis for its denial. 877 F.3d 993, 1000 (11th Cir. 2017). There, the district court, without requesting a government response and providing "no explanation whatsoever" for its decision, denied Johnson's motion in a paperless docket entry. *Id.* at 996. We noted, in response to the government's argument that the same district judge presided over Johnson's initial trial and sentencing proceedings, that the district court did not anywhere indicate that it reviewed Johnson's trial or sentencing record. *Id.* at 998-99. We explained that affirming the district court's order would not promote meaningful appellate review. *Id.* at 999-1000.

The district court's reasoning for its decision is not clear from either its order or the record, which precludes meaningful appellate review as to whether it abused its discretion. *See Gall*, 552 U.S. at 50; *Johnson*, 877 F.3d at 999-1000. The court simply stated that Smith failed to establish extraordinary or compelling circumstances without any explanation as to whether it determined that U.S.S.G. § 1B1.13's commentary did not allow it to grant Smith's motion for the reasons he gave or because it determined that Smith's specific circumstances were not extraordinary and compelling. Instead, the district court merely stated that it reviewed Smith's motion and noted, without elaboration, that he could not establish extraordinary and compelling circumstances "in light of his offense." Nor is it clear from the district court's order whether it considered any specific arguments. *See Chavez-Meza*, 138 S. Ct. at 1967-68; *Johnson*, 877 F.3d at 996, 998-99.

6

Accordingly, we vacate the district court's order and remand for clarification as to the basis for its denial of compassionate release.

**VACATED AND REMANDED.**