[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-12554
Non-Argument Calendar

_____

D.C. Docket No. 8:01-cr-00423-RAL-MAP-6

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WENCESLAO CETRE,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 28, 2021)

Before MARTIN, JILL PRYOR, and LUCK, Circuit Judges.

PER CURIAM:

Wenceslao Cetre, a federal prisoner sentenced to a term of life imprisonment, appeals the district court's order denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) and Section 603(b) of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (2018) ("First Step Act"). After careful review, we vacate the district court's order and remand Cetre's case for further proceedings.

## I.

In 2002, a jury convicted Cetre of possession with intent to distribute cocaine. He was sentenced to life in prison.

Almost two decades after Cetre was sentenced, Congress enacted the First Step Act, which, in relevant part, amended 18 U.S.C. § 3582(c)(1)(A) to increase the use and transparency of compassionate release of federal prisoners. See First Step Act § 603(b). Section 3582(c) provides that a "court may not modify a term of imprisonment once it has been imposed" except under certain circumstances. One of those circumstances allows a district court, "upon motion of the defendant" (after the defendant exhausts his administrative rights to appeal), to "reduce the term of imprisonment . . . , after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and

2

compelling reasons warrant such a reduction."[1]  18 U.S.C. § 3582(c)(1)(A).

Before the First Step Act was passed, a district court could grant a sentence

reduction under § 3582(c)(1)(A) only upon a motion by the Director of the Bureau

of Prisons.  Id. § 3582(c)(1)(A) (2018), amended by First Step Act § 603(b).

The policy statements and commentary applicable to § 3582(c)(1)(A) are

found in United States Sentencing Guideline § 1B1.13.  In particular, § 1B1.13

explains when "extraordinary and compelling reasons" exist.  See USSG § 1B1.13

cmt. n.1.  A defendant's medical condition or his age may qualify as an

extraordinary and compelling reason.  See id. § 1B1.13 cmt. n.1(A), (B).  A

defendant's medical condition may warrant a sentence reduction if his ability to

provide self-care in prison is substantially diminished and he is not expected to

recover because of: (1) a serious physical or mental condition; (2) a serious

functional or cognitive impairment; or (3) deteriorating physical or mental health

because of the aging process.  Id. § 1B1.13 cmt. n.1(A).  A reduction in sentence is

also possible if the defendant (1) is at least 65 years old; (2) is experiencing a

serious deterioration in physical or mental health because of the aging process; and

(3) has served at least 10 years or 75 percent of his term of imprisonment.  Id.

§ 1B1.13 cmt. n.1(B).

---

[1] Section 3582(c)(1)(A) also requires that any reduction be consistent with applicable
policy statements issued by the Sentencing Commission.  18 U.S.C. § 3582(c)(1)(A).

In October 2019, Cetre filed a motion to reduce his sentence pursuant to the First Step Act.  To support the existence of extraordinary and compelling reasons for a shorter sentence, Cetre relied on: his age (65 at the time of the first motion); that he had served 18 years in prison; he had been a "model inmate"; he was suffering from a number of health issues; he had not been able to see his family throughout the time he was incarcerated, because they live in Colombia; and that there was a disparity between his sentence of life imprisonment and other defendants' sentences for the same conduct.  The district court denied the motion, but allowed Cetre to refile and provide additional evidence of his health conditions.

Cetre renewed his motion for a sentence reduction in April 2020.  He again relied on his age and significant health concerns to support the existence of extraordinary and compelling reasons.  He provided evidence to support that his health is deteriorating.  He also said that his health conditions were exacerbated by the COVID-19 pandemic.  The government opposed Cetre's motion, arguing that his medical conditions were not recognized by the CDC as being especially susceptible to the coronavirus, and thus fell short of qualifying as an extraordinary and compelling reason.

The district court declined to reduce Cetre's sentence.  It said Cetre's argument

> seems to be that now I can go back, and say, "You know something?  That was a harsh sentence.  It just – looking

4

at things now, it's just not fair."  I'm sorry, I don't read the First [Step] Act that way, you know. . . .  So based on the record that's before me, he doesn't qualify for compassionate release.  And I'm not about to go back and say, "You know something?  This man does not deserve life.  If he were before me today, he wouldn't get life."  I'm not going to do that.  Because I could do that in hundreds of the cases that I've handled, and it just wouldn't be fair.  So for those reasons, it's denied.  Take me up.  I'll be frank with you, I'd love to have the Eleventh Circuit reverse me . . . .

Cetre timely appealed.

On appeal, Cetre primarily argues that the district court improperly limited the scope of its review and incorrectly believed that it did not have the authority to grant his compassionate release motion.  He also argues the court was required to consider the relevant § 3553(a) factors in addition to the requirements in § 1B1.13.

## II.

We review a district court's denial of a movant's request for compassionate release under the First Step Act for an abuse of discretion.  United States v. Harris, 989 F.3d 908, 911 (11th Cir. 2021).  A district court must explain its sentencing decisions sufficiently to allow for meaningful appellate review.  See Gall v. United States, 552 U.S. 38, 50, 128 S. Ct. 586, 597 (2007).  When the district court does not explain its decision and there is no indication from the record as to what the basis for the denial of a reduced sentence, the court's denial constitutes an abuse of

5

discretion. United States v. Johnson, 877 F.3d 993, 996, 1000 (11th Cir. 2017) (per curiam).

The district court abused its discretion here in two ways. First, to the extent the district court found that even if Cetre met the requirements for compassionate release, it did not have the power to grant his motion, this was clearly an incorrect statement of law. See First Step Act § 603(b) (amending § 3582(c)(1)(A) to allow prisoners to move the court for compassionate release); Harris, 989 F.3d at 911 (recognizing that district courts have the discretionary authority to grant a motion for compassionate release). Second, to the extent the district court found that, "based on the record . . . before [it], [Cetre] doesn't qualify for compassionate release," there is no indication from the record on what basis the court relied. Thus we cannot conduct a meaningful review of the court's denial in this appeal. Gall, 552 U.S. at 50, 128 S. Ct. at 597.

Accordingly, we vacate and remand for further proceedings consistent with this opinion.

**VACATED AND REMANDED.**