[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-14444
Non-Argument Calendar

_____

D.C. Docket No. 1:08-cr-00215-TFM-C-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CODY DEAN HAGLER,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(May 20, 2021)

Before WILSON, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

Cody Hagler, a federal prisoner proceeding pro se, appeals the district court's denial of his emergency motion for compassionate release filed under 18 U.S.C. § 3582(c)(1)(A). Hagler argues that the district court's failure to find whether he had shown an "extraordinary and compelling" reason for a reduced sentence rendered the district court's order insufficient for appellate review. Hagler also argues that the district court abused its discretion when it denied his request for a reduced sentence based on the 18 U.S.C. § 3553(a) factors, his criminal history, and his persistent drug use while on supervised release.

We review a district court's decision as to whether to reduce a sentence under § 3582(c)(1)(A) for an abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021).

Congress enacted the First Step Act in 2018, which, in part, amended § 3582(c)(1)(A) to increase the use and transparency of compassionate release of federal prisoners. *See* First Step Act of 2018 § 603, Pub. L. No. 115-391, 132 Stat. 5194 (First Step Act). The statute provides that a "court may not modify a term of imprisonment once it has been imposed" except under certain circumstances. 18 U.S.C. § 3582(c). For compassionate release, section 3582(c)(1)(A) provides that "the court . . . may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) . . . if it finds that . . . extraordinary and compelling reasons warrant such a reduction[.]" *Id.* Any reduction must be

2

"consistent with applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(1)(A)(ii). The applicable policy statements provide that the court may reduce a term of imprisonment "if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable," it finds, in relevant part, that "extraordinary and compelling reasons warrant the reduction." U.S.S.G. § 1B1.13 & (1)(A).

In deciding whether to reduce a defendant's sentence, the district court must explain its decision sufficiently enough to allow for meaningful appellate review. *United States v. Johnson*, 877 F.3d 993, 997 (11th Cir. 2017) (per curiam). For example, the district court must demonstrate that it considered the § 3553(a) factors. *Id.* Although it does not need to "articulate the applicability of each factor," the record must show "that the pertinent factors were taken into account," and there must be enough in the record or the court's order to allow for meaningful appellate review of the decision. *Id.* In *Johnson*, we held that a district court's denial of a motion for early termination of supervised release was an abuse of discretion because neither its summary order, nor the record, indicated the basis for its denial as it only issued a paperless docket entry denying the motion. *Id.* at 1000.

In situations where consideration of the § 3553(a) factors is mandatory, the district court need not discuss every factor or state on the record that it has

explicitly considered each of the factors. *United States v. Kuhlman*, 711 F.3d

1321, 1326 (11th Cir. 2013). An acknowledgement by the district court that it has

considered the § 3553(a) factors is sufficient. *United States v. Turner*, 474 F.3d

1265, 1281 (11th Cir. 2007). Under § 3553(a), a district court's sentence must be

"sufficient, but not greater than necessary," to achieve the goals of sentencing.

18 U.S.C. § 3553(a). The goals include: reflecting the seriousness of the offense,

promoting respect for the law, providing just punishment, deterring future criminal

conduct, protecting the public, and providing the defendant with any needed

training or treatment. *Id.* Section 3553(a) also requires district courts to consider

certain sentencing factors, including the nature and circumstances of the offense,

the defendant's history and characteristics, and the kinds of sentences available.

*Id.*

Here, the district court's order provides sufficient basis for appellate review

because it indicated that it considered the § 3553(a) factors, Hagler's previous

conduct while on supervised release, and the facts of the case. *Johnson*, 877 F.3d

at 997. The court noted that it had to revoke Hagler's term of supervised release

on three separate occasions and ultimately determined that Hagler was a continuing

threat to himself and the community if he were to be released. Furthermore, the

district court did not abuse its discretion when it denied Hagler's request because

the district court specifically mentioned that it considered the § 3553(a) factors,

imposed a sentence that was sufficient but not greater than necessary, and explained its decision adequately enough to allow for meaningful appellate review. 18 U.S.C. § 3553(a); *Turner*, 474 F.3d at 1281; *Johnson*, 877 F.3d at 997. Accordingly, we affirm.

**AFFIRMED.**