[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12577
Non-Argument Calendar
_____

D.C. Docket No. 9:95-cr-08069-DTKH-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTHONY TYRONE JOHNSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 15, 2017)

Before TJOFLAT, HULL and JULIE CARNES, Circuit Judges.

PER CURIAM:

Anthony Tyrone Johnson appeals the denial of his 18 U.S.C. § 3583(e)(1) motion for early termination of supervised release. He contends that the District Court abused its discretion by summarily denying his motion without explanation. Section 3583(e)(1) requires courts to consider several § 3553(a) sentencing factors when terminating a term of supervised release. The issue before us is whether, and the extent to which, a district court must indicate or explain its consideration of the relevant § 3553(a) factors when denying a § 3583(e)(1) motion.

Because a defendant may appeal a court's decision to deny him early termination of supervised release, and because appellate review must be meaningful, we hold that a district court's order, in light of the record, must demonstrate that the pertinent factors were taken into account. This mirrors our 18 U.S.C. § 3582(c)(2)[1] precedent on the matter. *See United States v. Douglas*, 576 F.3d 1216, 1219 (11th Cir. 2009). Here, nothing in the record or in the District Court's order show that it considered the required § 3553(a) factors. We therefore vacate its decision and remand the case for further consideration and explanation.

## I.

In 1995, Anthony Tyrone Johnson was charged in a one-count indictment with being a convicted felon in unlawful possession of a firearm, in violation of 18

---

[1] Section 3582(c)(2) allows courts to reduce a defendant's term of imprisonment if the Sentencing Commission subsequently lowers the relevant sentencing range. When determining whether to reduce a sentence, the court must consider the applicable § 3553(a) factors and Sentencing Commission policy statements. 18 U.S.C. § 3582(c)(2).

2

U.S.C. §§ 922(g) and 924(a)(2).  This was after Johnson, having found out his brother was murdered, reacted by shooting a rifle in the direction of two women and two children.[2]  The charge was tried to a jury in March 1997, and it found him guilty.  Although the maximum statutory penalty for Johnson's offense was ten years' imprisonment, some of his prior criminal history—two 1987 manslaughter convictions and a 1990 conviction of possession of cocaine with intent to sell[3]— subjected him to the Armed Career Criminal Act ("ACCA"), which contains a fifteen-year mandatory minimum and a statutory maximum of life imprisonment.  *See id.* § 924(e).  The applicable guidelines range was 262 to 327 months of imprisonment.  After voicing concern about Johnson's "extraordinary" criminal history and violent propensities, the District Court sentenced Johnson to 327 months' imprisonment, to be followed by five years' supervised release.

Johnson appealed, challenging the sufficiency of the evidence supporting his conviction and the Court's lack of findings in support of his sentence.  This Court affirmed the conviction and sentence.  *United States v. Johnson*, 252 F.3d 438 (11th Cir. 2001) (unpublished table decision).

---

[2] At Johnson's sentencing hearing, the Court stated that "it was really never clear . . . whether [Johnson was] trying to shoot those people or just inflict some injury on [their] home itself or a home nearby."  The women's connection to the murder of Johnson's brother was also unclear.  The Court stated that "at most maybe they were related somehow to some of the people involved in the shooting of [Johnson's] brother."

[3] Other prior convictions not contributing to Johnson's status under the ACCA include attempted burglary in 1985, burglary/forced entry into a nonresidence in 1987, battery in 1991, grand theft in 1991, and fleeing or attempting to elude police in 1991.

In April 2016, Johnson returned to the District Court[4] and filed an unopposed emergency motion under 28 U.S.C. § 2255 to vacate his sentence and for immediate release from custody.  Johnson argued that under *Johnson v. United States*, --- U.S. ----, 135 S. Ct. 2551 (2015), which held the ACCA's "residual clause" in 18 U.S.C. § 924(e)(2)(B)(ii) unconstitutionally void for vagueness, his enhanced sentence constituted a due process violation.[5]  The statutory maximum of his 1997 firearm conviction was thus ten years, and he had already served twenty-one.  In a report and recommendation, the Magistrate Judge suggested that the District Court grant the motion.  The Court adopted the report and recommendation, but also ordered that a probation officer be assigned to Johnson and that he commence a three-year period of supervised release.  The Court's order provided no reasons for the supervised release.

A year later, Johnson moved for early termination of his supervised release under 18 U.S.C. § 3583(e)(1).[6]  Section 3583(e)(1) allows district courts to terminate the remainder of a defendant's term of supervised release once the defendant has completed a year, and provides a number of § 3553(a) sentencing

---

[4] Johnson returned to the judge that conducted his 1997 trial and imposed his sentence.

[5] Specifically, Johnson's two manslaughter convictions that served as ACCA predicates no longer qualified under the ACCA's residual clause.

[6] Johnson again returned to judge that handled his trial, sentencing, and § 2255 motion.

4

factors to be considered in making this determination.[7]  Johnson filed a brief in support of his motion, contending that early termination of his supervised release was in the interest of justice, as he had served eleven years of unnecessary prison time—twenty-one years on a ten-year sentence.  He added that he was employed full-time at a construction company, went to church and Bible study, volunteered helping at-risk youth, and that his probation officer would not oppose early termination of his supervised release.  Without requesting a Government response, the District Court denied Johnson's motion in a paperless entry on the docket, reading in its entirety: "ORDER denying Defendant (1) Anthony Tyrone Johnson's [] Motion for Early Termination of Supervised Release. Signed by Senior Judge Daniel T.K. Hurley on 6/2/2017."  The order provided no explanation whatsoever for the Court's decision.  Johnson appealed.

---

[7] Section 3583(e)(1) provides:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

The cited § 3553(a) factors require consideration of the nature and circumstances of the offense and the history and characteristics of the defendant; the need for deterrence, for public protection from further crimes of the defendant, and for correctional treatment for the defendant; the guidelines range; the Sentencing Commission's policy statements; the need to avoid unwarranted sentencing disparities; and the need to provide restitution to any victims of the offense.  18 U.S.C. § 3553(a)(1), (a)(2)(B)–(D), (a)(4)–(7).

## II.

On appeal, Johnson does not necessarily contend that the District Court should have granted his motion. Rather, he claims that there must be some indication—from the District Court's order or the record—that the Court considered the enumerated § 3553(a) factors in making its decision. Here, he argues, neither the Court's summary denial nor the record was sufficient to show that such consideration took place. The Court's denial was thus an abuse of discretion and its judgment must be vacated and the case remanded. We agree.

## A.

First, however, we briefly address the threshold issue of whether § 3583(e)(1) requires courts to consider the relevant § 3553(a) factors at all when denying a motion for early termination of supervised release. The Government contends that the factors must be consulted only when choosing to terminate supervised release early—not when denying a defendant's request. For this, the Government points to the provision's opening line: "The court may, after considering the [relevant § 3553(a) factors,] . . . *terminate* a term of supervised release . . . ." 18 U.S.C. § 3583(e)(1) (emphasis added).

Under the Government's reading, the provision would require courts to consider the factors only when deciding affirmatively to terminate supervised release early. This raises the question of how, other than consulting the factors,

6

courts are supposed to determine when to deny relief under the provision.  Or why, when denying relief only, they are allowed to turn a blind eye to them.  It is sufficiently implicit in the provision that the factors are to be considered whether a court grants or denies a § 3583(e)(1) motion.  This conclusion is further supported by numerous unpublished opinions in this Circuit[8] and by several decisions of our sister circuits.[9]

With it established that courts must consider the specified § 3553(a) factors when denying § 3583(e)(1) motions, we now explain why, in denying these motions, they must indicate that the factors were actually considered.

## B.

## 1.

We review a district court's denial of a motion for early termination of supervised release for an abuse of discretion.  *See United States v. Trailer*, 827 F.3d 933, 938 (11th Cir. 2016).  "[R]eview under an abuse of discretion standard," however, "is not simply a rubber stamp."  *United States v. Docampo*, 573 F.3d 1091, 1104 (11th Cir. 2009).  A court must explain its sentencing decisions

---

[8] *See, e.g.*, *United States v. Boyd*, 606 F. App'x 953 (11th Cir. 2015); *United States v. Fu Qian Danny Pan*, 540 F. App'x 945 (11th Cir. 2013); *United States v. Keshishian*, 507 F. App'x 913 (11th Cir. 2013).

[9] *See United States v. Mathis-Gardner*, 783 F.3d 1286, 1287–88 (D.C. Cir. 2015) (holding that the specified § 3553(a) factors must be considered when denying a § 3583(e)(1) motion and noting that "at least six circuits" have "held or strongly implied" the same).  Five circuits have addressed the different question, discussed in part II.B.1., of whether, and the extent to which, courts must indicate or explain their consideration of the factors.  *See infra* note 10.

adequately enough to allow for meaningful appellate review. *Gall v. United States*, 552 U.S. 38, 50, 128 S. Ct. 586, 597 (2007). Else, it abuses it discretion. *Id.* at 51, 128 S. Ct. at 597. This principle applies not only when a court imposes a sentence, but also when it determines whether or not to reduce a defendant's sentence. *See Douglas*, 576 F.3d at 1219.

For instance, when ruling on a 18 U.S.C. § 3582(c)(2) motion—which gives courts discretion to reduce a defendant's sentence if the Sentencing Commission subsequently lowers the relevant sentencing range—a court must demonstrate that it has considered the § 3553(a) factors. *Douglas*, 576 F.3d at 1219. It need not "articulate the applicability of each factor," but the record must show "that the pertinent factors were taken into account." *Id.* And there must be enough, in the record or the court's order, to allow for meaningful appellate review of its decision. *See id.* at 1220.

So too here. Early termination of supervised release is sufficiently analogous to a § 3582(c)(2) sentence reduction to warrant the same requirement. Both provisions contain a similar scheme. First, a defendant must be statutorily eligible. Under § 3582(c)(2), the Sentencing Commission must have lowered the relevant sentencing range, while § 3583(e)(1) requires the defendant to have completed a year of supervised release. Then, the court determines whether, in its

discretion, relief should be granted.  Both provisions require that a number of § 3553(a) factors be considered in making this determination.

Further, this Court has recognized that a defendant is "not without recourse" if he is denied early termination of supervised release precisely because "he may appeal the district court's denial" of such relief.  *Trailer*, 827 F.3d at 938.  Appellate review as "recourse" implies meaningful review, which in turn requires the reasons for the district court's decision to be sufficiently apparent.  This line of logic also accounts for our § 3582(c)(2) standard, *see Douglas*, 576 F.3d at 1219–20, substantiating further its applicability here, to a § 3583(e)(1) decision.

We accordingly conclude that for a § 3583(e)(1) motion to be properly denied, the court's order, in light of the record, must indicate that the court considered the factors enumerated in the provision.  *Cf. id.* at 1219.  We join a number of our sister circuits in so holding.[10]  The sentencing court need not explain each factor's applicability, nor always explicitly articulate that it considered the factors.[11]  There may be, for example, instances where an explanation for its

---

[10] *See United States v. Mathis-Gardner*, 783 F.3d 1286, 1288–89 (D.C. Cir. 2015); *United States v. Emmett*, 749 F.3d 817, 820–21 (9th Cir. 2014); *United States v. Lowe*, 632 F.3d 996, 998 (7th Cir. 2011); *United States v. Gammarano*, 321 F.3d 311, 315 (2d Cir. 2003).  *But see United States v. Mosby*, 719 F.3d 925, 930 (8th Cir. 2013) ("Neither 18 U.S.C. § 3583(e) nor relevant case law required the district court to explain its denial of early termination of supervised release.").

[11] *Cf. Douglas*, 576 F.3d at 1219; *United States v. Dorman*, 488 F.3d 936, 944 (11th Cir. 2007) (holding a sentence procedurally reasonable, despite the sentencing court failing to expressly mention that it considered the § 3553(a) factors, because consideration could be derived from its rulings on the defendant's objections and downward-departure motion).

9

decision "was provided when denying a previous motion and no new facts were presented in a subsequent request," or "[w]here clear and compelling reasons to deny relief leap out from the record." *United States v. Mathis-Gardner*, 783 F.3d 1286, 1289 (D.C. Cir. 2015). But where the order is deficient in explanation, the record must clearly imply that the relevant factors were considered—enough so that meaningful appellate review of the factors' application can take place, rather than speculation of whether they were taken into account in the first place.

2.

We turn now to whether, in light of the record, the District Court's paperless order on the docket stating only that Johnson's motion was denied was sufficient to meet the standard above. Because the Court's order articulated nothing other than that Johnson's motion was denied, any indication that the § 3553(a) factors were considered must come implicitly from the record.

To this point, the Government notes that the Court presided over Johnson's 1997 trial.[12] As apparent from the sentencing hearing transcript, it knew of the nature of the events leading to Johnson's 1997 conviction and of his extensive criminal history.[13] This knowledge, the Government argues, implicitly informed

---

[12] That is, the judge that denied Johnson's § 3583(e)(1) motion also conducted his 1997 trial and sentencing.

[13] The Government also notes that the Court knew of Johnson's previous probation violations. At Johnson's sentencing hearing, his probation officer testified briefly about one

the Court's decision to deny Johnson's § 3583(e)(1) motion twenty years later. Further, Johnson filed a brief in support of his motion, which described his exemplary conduct since being released. So the Court likely considered that too. The Government thus contends that, in aggregation, the record implies that the Court adequately considered the relevant § 3553(a) factors.

Presiding over a defendant's trial acquaints the sentencing judge with a wealth of information relevant to the § 3553(a) factors. To be sure, this might support an inference that these factors were considered, despite a summary order, when the judge later rules on the defendant's § 3583(e)(1) motion. But we will not stretch this inference to cover our situation, where Johnson's motion came twenty years after his trial. The Court does not anywhere indicate that it looked back at Johnson's trial or sentencing record. And further, the violent conduct and prior convictions that concerned it at Johnson's 1997 sentencing are now between twenty and thirty years old. Their impact on the Court's decisionmaking could certainly have diminished with the passage of time. Without any indication from the Court, it would be unacceptable speculation to impart sentencing considerations from 1997 to this case.

---

probation violation in 1991 and another in 1992. The Court, however, did not mention the probation violations when explaining its rationale for Johnson's sentence.

11

This Court illustrated this principle in *Broadwater v. United States*, 292 F.3d 1302 (11th Cir. 2002). There, the petitioner challenged his conviction and sentence under 28 U.S.C. § 2255, raising six instances in which his counsel provided allegedly ineffective assistance. The District Court summarily denied the motion. We vacated and remanded so that the Court could give further explanation in order to "provide . . . a sufficient basis for [appellate] review." *Id.* at 1303 (internal quotation marks omitted). In holding that meaningful review was impossible, we noted the following:

> We are mindful of the fact that the same judge who denied this § 2255 motion [in 2000] also conducted the several-day trial of the case in 1997, and that some situations may be resolved by the district court's personal knowledge or recollection. When that is not revealed in the order, however, there is no way for an appellate court to review the accuracy of that recollection or whether that is sufficient upon which to base a denial of relief. Here, we cannot tell whether the district court's ruling was premised upon its review of the files, records, and transcripts of the proceedings, or in whole or in part upon its own recollection of events.

*Id.* at 1304 (citation omitted). We refused to assume that the District Court's experience conducting the defendant's trial provided adequate foundation to summarily deny the defendant's postconviction motion three years later. Although arising in a different context, *Broadwater*'s principle sufficiently applies to Johnson's case. Without indication, we cannot assume that the District Court's sentencing considerations twenty years ago buttressed its denial of Johnson's

12

motion.[14]  Therefore, without a basis for the District Court's decision, we cannot meaningfully review it.

Moreover, Johnson filing a brief in support of his motion does not necessarily mean that, by reviewing and then denying the motion, the Court considered the required factors.  Johnson's brief made no mention of the relevant § 3553(a) factors, and the Government was not ordered to respond.  Affirming the District Court's decision in the instant case would promote post hoc rationalization of sentencing decisions, not meaningful review.

### III.

Neither the District Court's summary order nor the record indicate the basis for the Court's denial of Johnson's § 3583(e)(1) motion.  We "cannot just reflexively presume that the learned judge appropriately exercised his discretion and considered all of the relevant factors, because that would risk turning abuse of discretion review into merely a 'rubber stamp.'"  *Mathis-Gardner*, 783 F.3d at 1288–89; *see also Docampo*, 573 F.3d at 1104 ("[R]eview under an abuse of discretion standard is not simply a rubber stamp.").  The District Court's denial therefore constitutes an abuse of discretion.  We vacate its decision and remand this case for further consideration and explanation.

**VACATED AND REMANDED.**

---

[14] This does not mean that such an inference can never be made, only that no such inference is appropriate given the twenty-year passage of time here.

13