[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-13090
Non-Argument Calendar

_____

D.C. Docket No. 4:11-cr-00041-HLM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHRISTOPHER JACOB COCHRAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(May 18, 2020)

Before GRANT, LUCK, and HULL, Circuit Judges.

PER CURIAM:

Christopher Cochran appeals the district court's order denying his second motion for early termination of supervised release, pursuant to 18 U.S.C. § 3583(e)(1).  We affirm.

I.

In 2008, Cochran entered a guilty plea to one count of travelling with intent to engage in illicit sexual conduct, in violation of 18 U.S.C. § 2423(b), and was sentenced to 24 months in prison followed by 10 years of supervised release. Cochran was released from prison in February 2011 and began his term of supervised release.  A little over a year later, however, the district court determined that Cochran had violated the terms of his supervised release and revoked it, sentencing him to four months in prison followed by ten years' supervised release with the same conditions as previously imposed.  In 2015, Cochran again violated the terms of his supervised release; the district court revoked his supervised release a second time and sentenced Cochran to 90 days in prison, once again followed by ten years of supervised release.

In November 2017, Cochran filed his first motion for early termination of supervised release.  The district court denied the motion, noting Cochran's previous violations, but stated that it would "consider granting a request for an early termination of Defendant's term of supervised release filed eighteen (18)

2

months after the date of this Order, provided that Defendant has no violations or issues of concern during that time period."

Eighteen months later, Cochran filed a second motion for early termination of supervised release. Cochran represented to the court that he had complied with the conditions of his supervised release in the last 18 months and argued that the sentencing factors in 18 U.S.C. § 3553(a) weighed in favor of early termination.

At the court's direction, the United States Probation Office responded to Cochran's motion. In its response, the probation office stated that Cochran had complied with the conditions related to sex offenders (as confirmed by regular polygraph examinations), completed sex offender treatment, maintained steady employment, cooperated with his probation officer, and demonstrated a good attitude and a level of maturity not evident when he was first released from prison. Nonetheless, the probation office concluded that while Cochran had "been doing very well over the past several years, the U.S. Probation Office, under our national policy for sex offenders, does NOT recommend early terminations for persons convicted of sex offenses."

The district court denied Cochran's motion for early termination. The court commended Cochran for his compliance with the terms of his supervised release so far, but found that, "given the nature of the Defendant's offense and previous

3

violations of supervised release, it is not appropriate to terminate Defendant's supervised release." This appeal followed.

## II.

District courts are authorized by statute to terminate a defendant's term of supervised release early if the defendant has completed at least one year of supervised release and the court "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In determining whether early termination is warranted, the district court must consider the nature and circumstances of the offense and the history and characteristics of the defendant; the need for deterrence, to protect the public, and to provide correctional treatment for the defendant; the advisory Sentencing Guidelines and pertinent U.S. Sentencing Commission policy statements; the need to avoid unwarranted sentencing disparities; and the need to provide restitution to any victims of the offense. *Id.*; *see* 18 U.S.C. § 3553(a)(1), (a)(2)(B)–(D), (a)(4)– (7); *United States v. Johnson*, 877 F.3d 993, 997 (11th Cir. 2017).

We review a district court's denial of a motion for early termination of supervised release for an abuse of discretion. *Johnson*, 877 F.3d at 997. Under this standard, we will reverse only if we are left with a "definite and firm conviction that the [district] court committed a clear error of judgment in the conclusion it reached." *United States v. Taylor*, 338 F.3d 1280, 1283 (11th Cir.

4

2003) (alteration in original) (citation omitted).  A district court abuses its discretion if it fails to provide a sufficient explanation for its denial of a defendant's motion to permit meaningful appellate review.  *Johnson*, 877 F.3d at 997–98.  In ruling on a motion for early termination of supervised release, the "sentencing court need not explain each factor's applicability, nor always explicitly articulate that it considered the factors," but we must be able to discern from the order and the record that the district court considered the applicable § 3553(a) factors.  *Id.* at 998.

Cochran argues that the district court failed to consider the relevant sentencing factors and make an individualized determination on his motion.  He contends that the court's reference to the probation office's response indicates that the court applied a blanket policy to deny early termination in all sex-offender cases.  He further argues that the district court improperly failed to implement its order on his first motion for early termination—in which, Cochran says, the court "adopted Probation's recommendation to terminate him early if he went for eighteen (18) months without any new violations or issues of concern."  We do not agree.

As an initial matter, the district court did not state in its November 2017 order that it would grant a motion for early termination after another 18 months of compliance; instead, the court stated that it would "consider granting" such a

motion, and that is what it did here.  Moreover, it is apparent from the court's order and the record as a whole that the court considered the applicable statutory sentencing factors and made an individualized determination that early termination was not appropriate.  The order referenced both of Cochran's motions for early termination, each of which contained a discussion of the applicable § 3553(a) factors.  And in explaining its denial of Cochran's motion, the court referred to Cochran's recent compliance with the terms of his supervised release, the nature of his offense, and his previous violations, demonstrating that the court considered—and based its decision on—"the nature and circumstances of the offense and the history and characteristics of the defendant."  18 U.S.C. § 3553(a)(1).

On this record, we cannot say that the district court abused its discretion in denying Cochran's motion for early termination of his supervised release.  We therefore affirm.

**AFFIRMED.**

6