[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-10444
Non-Argument Calendar
_____

D.C. Docket No. 5:99-cr-00028-TJC-PRL-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTHONY BERNARD WILCOX,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 7, 2021)

Before JILL PRYOR, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

Anthony Wilcox, a federal prisoner, appeals the district court's denial of his motion to reduce his sentence under § 404 of the First Step Act of 2018.[1]  Because it is unclear whether the district court's ruling may have been influenced by a mistake of law, we vacate the court's order and remand for further proceedings consistent with this opinion.

I.

In 2000, a jury found Wilcox guilty of one count each of conspiracy to distribute crack cocaine, in violation of 21 U.S.C. § 846, and possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Based on Wilcox's criminal history and his stipulation that his offenses involved 345.1 grams of crack cocaine, his statutory sentencing range was 20 years to life. 21 U.S.C. § 841(a)(1), (b)(A)(iii) (1994).  The district court imposed a sentence of 292 months' imprisonment followed by 10 years' supervised release.

In December 2018, Congress enacted the First Step Act, which permits a district court that sentenced a defendant for a "covered offense" to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed."  First Step Act § 404(b). The statute defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair

---

[1] Pub. L. 115-391, 132 Stat. 5194 ("First Step Act").

Sentencing Act," that was committed before the effective date of the Fair Sentencing Act of 2010. *Id.* § 404(a). As relevant here, § 2 of the Fair Sentencing Act changed the quantity of crack cocaine necessary to trigger a 10-year mandatory minimum sentence from 50 grams to 280 grams and the quantity necessary to trigger a 5-year mandatory minimum from 5 grams to 28 grams. Fair Sentencing Act § 2(a)(1)–(2).

In February 2019, Wilcox filed a pro se motion for a reduction in his sentence pursuant to § 404 of the First Step Act. At Wilcox's request, the district court directed the probation officer to prepare a memorandum regarding Wilcox's eligibility for a First Step Act sentence reduction. The probation officer provided a memorandum stating that Wilcox was not eligible for a reduction in his sentence because "application of the Fair Sentencing Act [did] not reduce the applicable penalties" for an offense like Wilcox's that involved more than 280 grams of crack cocaine.

Wilcox then filed a counseled brief arguing, among other things, that he was eligible for relief based on his statutes of conviction rather than the actual drug quantity involved in his crime. The government responded that Wilcox was not eligible for a sentence reduction, and even if he was eligible, the First Step Act did not "undermine" the district court's original "well-reasoned, below-guidelines sentence."

The district court denied Wilcox's motion in a short order, stating that it had "carefully reviewed the underlying circumstances of Mr. Wilcox's case," and that, regardless "of whether Mr. Wilcox is eligible for a sentence reduction under the First Step Act (a disputed issue), the Court declines to exercise its discretion to do so in this case."

Wilcox timely appealed. On appeal, the parties agree—correctly—that Wilcox is eligible for a sentence reduction under the First Step Act, but they dispute whether the district court abused its discretion in denying Wilcox's motion without explanation as a matter of discretion.

II.

We review de novo whether a district court had the authority to modify a prisoner's sentence under § 404 of the First Step Act. *United States v. Jones*, 962 F.3d 1290, 1296 (11th Cir. 2020). We review the district court's denial of an eligible movant's request for a reduced sentence under the First Step Act for an abuse of discretion. *Id.* An abuse of discretion can occur where the district court applies an incorrect legal standard, follows an incorrect procedure, bases its decision on clearly erroneous facts, or commits a clear error in judgment. *See id.* at 1304; *United States v. Brown*, 415 F.3d 1257, 1266 (11th Cir. 2005).

After the district court denied Wilcox's First Step Act motion, we issued a published opinion interpreting § 404 of the First Step Act. *See Jones*, 962 F.3d

4

1290.  We explained that § 2 of the Fair Sentencing Act "modified the statutory penalties for crack-cocaine offenses that have as an element the quantity of crack cocaine provided in subsections 841(b)(1)(A)(iii) and (B)(iii)." *Id.* at 1298.  This means that a prisoner was sentenced for a "covered offense" within the meaning of the First Step Act if he was sentenced for an offense that triggered one of those statutory penalties.  *Id.* at 1298, 1301.  The actual amount of drugs involved in the movant's offense beyond the amount that triggered the applicable statutory penalty is not relevant to whether he was convicted of a covered offense.  *Id.* at 1301–02.

Under § 404 of the First Step Act, a district court may impose a reduced sentence for a movant who was sentenced for a covered offense "as if" section 2 of the Fair Sentencing Act were in effect when the movant committed his offense.  First Step Act § 404(b).  This "as if" provision imposes two additional limitations.  First, the district court cannot reduce a sentence where the movant received the lowest statutory penalty that would also be available to him under the Fair Sentencing Act.  *Jones*, 962 F.3d at 1303.  Second, in determining what a movant's statutory penalty would have been under the Fair Sentencing Act, the district court is bound by a previous drug-quantity finding that was used to determine the movant's statutory penalty at the time of sentencing.  *Id.*

Applying these principles, the district court was authorized to reduce Wilcox's sentence under the First Step Act, as the government now concedes.

Wilcox has a "covered offense" because he was sentenced for drug-trafficking offenses involving 50 or more grams of crack cocaine, which triggered the penalties in 21 U.S.C. § 841(b)(A)(iii). Based on his criminal history and his stipulation that his offenses involved 345.1 grams of crack cocaine, his statutory sentencing range after the Fair Sentencing Act is 20 years to life. 21 U.S.C. § 841(a)(1), (b)(A)(iii). Because his current 292-month sentence is higher than the minimum sentence applicable to him under the Fair Sentencing Act, the district court was authorized to reduce Wilcox's sentence under § 404 of the First Step Act.

Of course, the fact that the district court was authorized to reduce Wilcox's sentence under the First Step Act does not mean that it was required to do so. First Step Act § 404(c). District courts have "wide latitude" to decide whether and how much to reduce an eligible defendant's sentence under the Act. *Jones*, 962 F.3d at 1304. "In exercising their discretion, they may consider all the relevant factors, including the statutory sentencing factors, 18 U.S.C. § 3553(a)." *Id.* District courts also may consider their previous findings of relevant conduct, including findings regarding the actual quantity of drugs involved in the movant's offense. *Id.* at 1301.

Our review of a district court's decision on a First Step Act motion is deferential, but "it is not simply a rubber stamp." *United States v. Russell*, No.

6

19-12717, 2021 WL 1418288, at \*6 (11th Cir. April 15, 2021) (quoting *United States v. Johnson*, 877 F.3d 993, 997 (11th Cir. 2017)).  The district court must provide sufficient explanation for its decision "to allow for meaningful appellate review." *Id*.  Detailed explanations are not required, but the district court must provide enough discussion to satisfy us that it considered the parties' arguments and had "a reasoned basis" for denying the requested sentence reduction. *Id*., at \*7 (quoting *Chavez-Mesa v. United States*, 138 S. Ct. 1959, 1966 (2018)).  Where the district court's order is ambiguous as to whether it understood that it had the authority to reduce the movant's sentence, we will vacate the order and remand for further explanation of the court's decision. *Id*., at \*6; *Jones*, 962 F.3d at 1304–05.

Here, the district court's order contains no discussion of the relevant facts or law and makes no reference to any specific argument of either party—aside from noting the parties' dispute over Wilcox's eligibility for a sentence reduction, the court does not even indicate whether it reviewed the parties' submissions.  On this record, we cannot discern the basis for the district court's denial of Wilcox's First Step Act motion.  Although the district court stated that it would not exercise its discretion to reduce Wilcox's sentence regardless of whether he was eligible, we cannot tell from its order whether it was persuaded by the government's (incorrect) argument and the position of the probation officer that Wilcox was not eligible for a sentence reduction under the First Step Act, and if so, whether that error

7

influenced its decision to deny Wilcox's motion.  Because the record is ambiguous as to whether the district court's decision may have been influenced by an error of law, we vacate its order denying Wilcox's motion and remand for further proceedings and explanation.

**VACATED AND REMANDED.**