[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-11475
Non-Argument Calendar

_____

D.C. Docket No. 8:13-cr-00207-SCB-TGW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FREDDIE WILSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 2, 2021)

Before BRANCH, LUCK and TJOFLAT, Circuit Judges.

PER CURIAM:

On June 5, 2015, we affirmed Freddie Wilson's convictions for "converting to his personal use United States Treasury checks issued as a result of fraudulently filed federal income tax returns" and related offenses.[1] *United States v. Wilson*, 788 F.3d 1298, 1304-05 (11th Cir. 2015). We also affirmed the sentence the District Court imposed: incarceration for 102 months, restitution and a judgment of forfeiture, both in the sum of $39,197.72. Then, on March 25, 2020, we affirmed the District Court's denial of his motion for sentence reduction.[2] *United States v. Wilson*, 799 F. App'x 792, 793 (11th Cir. 2020). We did so because he filed the motion after serving his term of imprisonment in full. *Id.*

On April 2, 2020, Wilson, proceeding *pro se,* moved the District Court pursuant to 18 U.S.C. § 3583(e) for the early termination of his term of supervised release. The Court denied his motion the next day, on April 3, 2020. Wilson appeals the denial.[3] We affirm.

---

[1] A jury convicted Wilson on six counts for theft of government property, five counts of aggravated identity theft, one count of conducting an unlawful monetary transaction and one count of obstruction of proper administration of law, in violation of 18 U.S.C. §§ 641, 1028A, 1957 and 1505, respectively.

[2] Wilson moved the District Court to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) "based on Amendment 790 to the Sentencing Guidelines." *Wilson*, 799 F. App'x at 793.

[3] In his brief on appeal, Wilson challenges his convictions and sentences in addition to appealing the District Court's April 3, 2020 order. He did not present those challenges to the District Court, and we do not consider them here.

A district court, in the exercise of its discretion, *see United States v. Johnson*, 877 F.3d 993, 997 (11th Cir. 2017), may order the early termination of a defendant's term of supervised release pursuant to 18 U.S.C. § 3583(e)(1). If a defendant is eligible for such relief, and we assume for sake of argument that Wilson was, the district court may grant relief "after considering the factors set forth in [§ 3553(a)(1), (2)(B)-(D), (4)-(7)]." 18 U.S.C. § 3583(e)(1); *Johnson*, 877 F.3d at 997-98. In particular, the court must consider: the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence to afford adequate deterrence, protect the public from the defendant's further crimes, and provide the defendant with needed education or treatment; the applicable kinds of sentence and guideline range under the Sentencing Guidelines; any pertinent policy statement issued by the Sentencing Commission; the need to avoid unwarranted sentencing disparities between similarly situated defendants; and the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a)(1), (2)(B)-(D), (4)-(7).

In this case, in its order denying Wilson's motion for early termination of his term of supervised release, the District Court stated that "the relevant § 3553(a) factors militate against early termination given the nature of Defendant's offenses and that Defendant was ordered to pay $39,197.72 in restitution, a significant amount of which remains outstanding."

3

In his brief on appeal, Wilson has not challenged the District Court's consideration of the relevant § 3553(a) factors in denying his motion. The District Court's order of April 3, 2020 is accordingly

**AFFIRMED.**