[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-13440
Non-Argument Calendar

_____

D.C. Docket No. 4:06-cr-00010-ODE-WEJ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHNNY BRETT GREGORY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(July 19, 2021)

Before WILLIAM PRYOR, Chief Judge, JILL PRYOR and LUCK, Circuit Judges.

PER CURIAM:

Johnny Gregory appeals *pro se* the denial of his motion for early termination of his supervised release. 18 U.S.C. § 3583(e)(1). Gregory argues that the district court denied his motion without identifying a reasoned basis for its ruling. Because there is not "enough, in the record or the [district] court's order, to allow for meaningful appellate review of its decision," *United States v. Johnson*, 877 F.3d 993, 997 (11th Cir. 2017), we vacate and remand for further proceedings.

In 2006, Gregory pleaded guilty to possessing with intent to distribute at least 50 grams of methamphetamine, 21 U.S.C. § 841(b)(1)(A)(viii), and to possessing a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A). The district court sentenced Gregory to 120 months of imprisonment for his drug crime and to a consecutive term of 60 months of imprisonment for his firearm offense followed by five years of supervised release. Gregory began his term of supervised release on July 19, 2019.

On July 24, 2020, Gregory moved *pro se* to terminate his supervised release based on his uneventful completion of the first year of his five-year term, compliance with the conditions of his release, and his "exemplary post-conviction adjustment and conduct in his supervision responsibilities." *Id.* § 3583(e). The district court *sua sponte* denied Gregory's motion. The district court stated that its decision was made "[h]aving read and considered [Gregory's motion] and having reviewed information received from the Probation Office."

2

We review the denial of a motion for early termination of supervised release for abuse of discretion. *Johnson*, 877 F.3d at 997. "Review under an abuse of discretion standard, however, is not simply a rubber stamp." *Id.* (alteration adopted and internal quotation marks omitted). The district "court must explain its sentencing decision[] adequately enough to allow for meaningful appellate review." *Id.*

A defendant may move to terminate his term of supervised release "at any time after the expiration of one year of supervised release . . . ." 18 U.S.C. § 3583(e)(1). The district court "may terminate [the] term of supervised release and discharge the defendant . . . if it is satisfied that such action is warranted by the conduct of the defendant . . . and the interest of justice." *Id.* That determination can be made only "after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)." *Id.* § 3583(e). The district court need not "explicitly articulate that it considered the factors" or identify which factors supported its decision. *Johnson*, 877 F.3d at 998. But the order must contain sufficient information "that meaningful appellate review of the factors' application can take place." *Id.*

The district court abused its discretion by denying Gregory's motion without "explain[ing] its sentencing decision[] adequately enough to allow for meaningful appellate review." *Id.* at 997. The district court stated that it considered Gregory's

motion, but his motion did not reference any statutory sentencing factor. We also cannot infer that the district court relied on the sentencing factors when the government filed no response and a different district court judge imposed Gregory's sentence and term of supervised release 14 years earlier. Although the district court "reviewed information received from the Probation Office," it identified no filing by the probation office from which we could determine what guided its decision. And the record does not reflect that the probation office submitted a report to the district court after Gregory began serving his term of supervised release. We vacate the order denying Gregory's motion for early termination of supervised release and remand for further proceedings.

**VACATED AND REMANDED.**