[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-14773
Non-Argument Calendar

_____

D.C. Docket No. 0:95-cr-06031-MGC-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CLINTON BURNS, III,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 2, 2021)

Before BRANCH, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Clinton Burns, III, appeals the denial of his motion for early termination of

supervised release under 18 U.S.C. § 3583(e)(1). The government, in turn, moves

for summary reversal of the district court's order and a stay of the briefing

schedule, conceding that the district court abused its discretion because it denied

Burns's motion without considering the 18 U.S.C. § 3553(a) factors.  In response,

Burns moves for an evidentiary hearing on remand.

> Section 3583(e)(1) provides that the district court
>
> may, after considering the factors set forth in [§] 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."

18 U.S.C. § 3583(e)(1).  "We review a district court's denial of a motion for early

termination of supervised release for an abuse of discretion."  *United States v.*

*Johnson*, 877 F.3d 993, 997 (11th Cir. 2017).

After review, we GRANT the government's motion for summary reversal

because there is no indication on this record that the district court considered the

requisite § 3553(a) factors when denying the motion for early termination.[1]  *See id.*

at 998 (holding that, when granting or denying a motion for early termination of

supervised release, "the court's order, in light of the record, must indicate that the

court considered the [§ 3553(a)] factors enumerated in the provision").  Summary

---

[1] Burns's motion for early termination asserted that he was serving an illegal term of supervised release and did not discuss substantively the § 3553(a) factors, and the government did not file a response.  The district court's paperless order does not indicate whether it considered the § 3553(a) factors.

reversal is appropriate under these circumstances. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969) (explaining that summary disposition is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case"). We DENY AS MOOT the government's related motion to stay the briefing schedule.

We DENY Burns's motion for an evidentiary hearing on remand. Evidentiary hearings are not required under § 3583(e)(1), and we are not persuaded that one is necessary in this case. We note that the district court is in the best position to determine if an evidentiary hearing is necessary, and Burns may file a motion for an evidentiary hearing with the district court on remand if he so chooses.