[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————————

No. 23-11958

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

NELSON CINTRON,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:07-cr-60049-WPD-1

————————————————

Before JILL PRYOR, BRANCH, and HULL, Circuit Judges.

PER CURIAM:

Nelson Hurricane Cintron appeals the district court's order denying his 18 U.S.C. § 3583(e)(1) motion for early termination of supervised release. On appeal, Cintron argues that the district court abused its discretion by failing to consider properly the relevant 18 U.S.C. § 3553(a) factors. After review, we find no abuse of discretion and affirm.

## I.  BACKGROUND

Between July 2006 and early 2007, Cintron engaged in sexually explicit online communications with undercover law enforcement officers who were posing as 14-year-old girls. During some of these conversations, Cintron sent images of child pornography to an undercover officer.

A search of Cintron's personal computer and laptops revealed more images and videos of child pornography, some depicting adults engaged in sexual activity with prepubescent children. Cintron admitted his conduct. But Cintron explained that at approximately age 18 he had a traumatic incident in which he was chased by 20 men and feared for his life and afterwards he developed an anxiety disorder and retreated into the virtual world of the computer.

In 2007, pursuant to a plea agreement, Cintron pled guilty to one count of distribution of child pornography, in violation of

18 U.S.C. § 2252A(a)(2)(A) and (b)(1).  The district court sentenced Cintron to 180 months' imprisonment, followed by five years of supervised release.  On July 24, 2020, Cintron was released from prison and began serving his supervised release term.  Cintron was subject to numerous special conditions of supervised release for sex offenders, including restrictions on his use of a computer and access to the Internet.

In November 2020, after Cintron was offered employment with Evexia Enterprises, the district court granted Cintron's request to modify his conditions of supervised release to permit Cintron to use a computer "only as to employment at Evexia Enterprises" and "subject to probation's installing, at Defendant's expense, computer monitoring software."

In May 2023, Cintron filed a *pro se* § 3583(e)(1) motion for early termination of supervised release.  Cintron's § 3583(e)(1) motion argued that he had exhibited "exceptional" conduct while in prison, completed all requirements for psychotherapy treatment, obtained employment after his release, was law-abiding, and fully complied with his supervised release terms for the last approximately three years.

Cintron's motion stated that his employer at Evexia Enterprises had offered him a partnership in the business, which would require him to travel frequently and to have access at all times to a smartphone, tablets, and other computer-related equipment to interact with potential customers and hold virtual

meetings.  Cintron asked the district court to grant his motion to terminate supervised release so he could further his career.

The government filed a brief response opposing the motion and noting that Cintron's probation officer also objected to early termination.

The district court denied Cintron's § 3583(e)(1) motion.  The district court stated it had considered the government's response and reviewed Cintron's court file and presentence investigation report.  The court acknowledged that Cintron had "completed much of his court ordered supervised release."  The court stated, "Other than that, there are no reasons, certainly not exceptional reasons, given for early termination."

The district court acknowledged it could terminate supervised release if warranted by the defendant's conduct or in the interests of justice.  However, the district court declined to exercise its discretion and do so in Cintron's case, stating it had considered the factors in 18 U.S.C. § 3553.  Cintron filed this appeal.

## II.  DISCUSSION

### A.    General Principles

We review the district court's denial of a motion for early termination of supervised release for abuse of discretion.  *United States v. Johnson*, 877 F.3d 993, 997 (11th Cir. 2017).  A court abuses its discretion when it fails to explain its sentencing decisions adequately enough for meaningful appellate review.  *Id.*

Under § 3583(e)(1), and after the expiration of one year of supervised release, the district court may terminate a defendant's supervised release term if, "after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)" the court "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1); *see Johnson*, 877 F.3d at 996.

The relevant § 3553(a) factors referenced in § 3583(e)(1) include: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) the need for the sentence imposed "to afford adequate deterrence to criminal conduct," "to protect the public from further crimes of the defendant," and "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner"; (3) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; and (4) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D), (a)(4)-(7).

A district court ruling on a § 3583(e)(1) motion "must demonstrate that it has considered the § 3553(a) factors," but it "need not explain each factor's applicability, nor always explicitly articulate that it considered the factors." *Johnson*, 877 F.3d at 997-98. Even so, the district court "must explain its sentencing decisions adequately enough to allow for meaningful appellate review." *Id.* at 997. Meaningful appellate review "requires the

reasons for the district court's decision to be sufficiently apparent," and thus, apart from the district court's order, the record can also provide a sufficient basis for meaningful appellate review. *Id*. at 998.

## B.    Denial of Cintron's § 3583(e)(1) Motion

Here, the district court did not abuse its discretion in denying Cintron's § 3583(e)(1) motion.  Although the district court did not explain each § 3553(a) factor's applicability, it was not required to do so. *See id*. at 997-98.

The district court's explanation for its ruling indicates that the court considered the pertinent § 3553(a) factors, Cintron's § 3583(e)(1) motion, the government's response, and the criminal court file, including the presentence investigation report.  The district court further explained that Cintron's justification—that he had successfully completed a substantial portion of his five-year supervised release term—was not sufficient to warrant early termination of supervised release.  In light of the seriousness of Cintron's child pornography offense, which involved online distribution, and the need to protect the public while Cintron works with computers as part of his employment, we cannot say the district court abused its discretion.

We also find no merit to Cintron's contention that the district court required him to show "unusual or extraordinary circumstances" rather than considering the § 3553(a) factors as mandated by § 3583(e)(1).  The district court merely noted that Cintron's § 3583(e)(1) motion offered no other reasons apart from the one the district court determined was insufficient.  The district

court explicitly stated that it had considered the § 3553(a) factors, and Cintron has offered no reason why we should not take the district court at its word.

Cintron also argues the district court committed legal error because it "declined" to exercise its discretion. But Cintron misreads the district court's order. The district court understood that it had the discretion to grant Cintron's § 3583(e)(1) motion and concluded, after considering the relevant § 3553(a) factors, that an exercise of discretion in Cintron's favor was not warranted under the circumstances. Such a determination is reviewed for an abuse of discretion, and we find none here. *See id.* at 997.[1]

**AFFIRMED.**

---

[1] To the extent Cintron's reply brief raises new arguments attacking his underlying criminal proceedings, including at sentencing, we decline to address them. *See United States v. Campbell*, 26 F.4th 860, 871-73 (11th Cir.) (en banc), *cert. denied*, ----U.S.----, 143 S. Ct. 95 (2022) (explaining that generally arguments raised for the first time in a reply brief are forfeited and deemed abandoned).