[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-10952

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MARCKENSON CHERY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:14-cr-60100-DPG-1

_____

Before WILSON, NEWSOM, and LUCK, Circuit Judges.

PER CURIAM:

Marckenson Chery, proceeding *pro se*,[1] appeals the district court's denial of his 18 U.S.C. § 3582(e)(2) motion to modify the terms of his supervised release. On appeal, he argues, and the government concedes, that the district court abused its discretion in summarily denying Chery's motion without explanation, as its order does not reflect that it considered the 18 U.S.C. § 3553(a) factors, as required to allow for meaningful appellate review. We agree.

We review the denial of a motion for modification of supervised release for an abuse of discretion. *United States v. Cordero*, 7 F.4th 1058, 1069 (11th Cir. 2021). "Review under an abuse of discretion standard, however, is not simply a rubber stamp." *United States v. Johnson*, 877 F.3d 993, 997 (11th Cir. 2017) (quotation marks omitted). "A court must explain its sentencing decisions adequately enough to allow for meaningful appellate review." *Id*.

A district court may, after considering certain listed factors set forth in § 3553(a), "modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release," in accordance with "the

---

[1] *Pro se* pleadings are held to a less strict standard than counseled pleadings and are liberally construed. *Campbell v. Air Ja. Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014).

provisions of Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the terms and conditions of post-release supervision." 18 U.S.C. § 3583(e)(2).

In *Johnson*, the district court summarily denied the defendant's motion for early termination of his supervised release in a paperless order without requesting a response from the government. 877 F.3d at 993. The defendant appealed, arguing that the district court was required to consider the § 3553(a) factors, which the summary denial could not demonstrate. *Id*. We agreed, holding that district courts must consider the specified § 3553(a) factors when denying a § 3583(e)(1) motion. *Id*. at 997. We further held that the district court's consideration of the § 3553(a) factors must be apparent from either its order or the record such that meaningful appellate review could take place. *Id*. at 998. We determined that it was not enough that the district court had presided over Johnson's criminal trial 20 years prior and, therefore, had at some point been aware of the nature of the events leading to his conviction and his criminal history, or that Johnson had filed a brief in support of his motion that the district court presumably considered. *Id*. at 998–99. We remanded the case for further consideration and explanation. *Id*. at 1000.

In contrast, in *Cordero*, we found that the district court did not abuse its discretion in denying a defendant's motion to modify the conditions of supervised release in a paperless order where the district court acknowledged that it considered arguments from

both parties as to the relevant § 3553(a) factors.  7 F.4th at 1071–72. Unlike in *Johnson*, Cordero's motion for early termination referenced the § 3553(a) factors at length, and the government submitted both its own response discussing the § 3553(a) factors and a memo from Cordero's probation officer opposing early termination. *Id*. at 1066, 1071–72.  And the district court stated in its paperless order that it had considered both Cordero's motion and the government's response. *Id*. at 1072.  We held that this was sufficient to establish that the district court considered the relevant § 3553(a) factors in ruling on Cordero's motion. *Id*.

Here, as the government concedes, the district court abused its discretion in summarily denying Chery's motion to modify the conditions of his supervised release without explanation.  Like in *Johnson*, the district court here denied Chery's motion in a paperless order without explication and did not indicate that it had considered the § 3553(a) factors.[2]  And unlike in *Cordero*, the government never responded to Chery's motion.  As such, there is nothing available for us to review regarding the district court's weighing of the § 3553(a) factors as required by § 3583(e).  Accordingly, we

---

[2] Though *Johnson* dealt with a § 3583(e)(1) motion rather than § 3583(e)(2) motion, the language pertaining to the consideration of the § 3553(a) factors comes from the umbrella language of § 3583(e). *See* 877 F.3d at 997; 18 U.S.C. § 3583(e).  Section 3583(e) provides that a district court "may, after considering the factors set forth in § 3553(a)," take the actions listed in four subsections, including § 3583(e)(1) for termination of supervised release and § 3583(e)(2) for modification of the conditions of supervised release.  Thus, on its face, the requirement to consider the § 3553(a) factors extends to both termination and modification of supervised release.

23-10952                Opinion of the Court                5

vacate the order and remand to the district court for explanation of its consideration of the § 3553(a) factors as they pertain to Chery's request for modification of the conditions of his supervision.  In light of our remand, we decline to address the merits of Chery's motion.

**VACATED AND REMANDED.**