[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-12744

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

WILLIAM KAMAL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 2:04-cr-14063-KMM-1

_____

Before JORDAN and BRASHER, Circuit Judges, and COVINGTON,* District Judge.

PER CURIAM:

William Kamal appeals the denial of his motion for early termination of supervised release. 18 U.S.C. § 3583(e)(1). Kamal argues that the district court denied his motion without identifying a reasoned basis for its ruling. Because there is not "enough, in the record or the [district] court's order, to allow for meaningful appellate review of its decision," *United States v. Johnson*, 877 F.3d 993, 997 (11th Cir. 2017), we vacate and remand for further proceedings.

In 2004, Kamal pled guilty to one count of using interstate commerce to entice a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b). The district court sentenced Kamal to 60 months of imprisonment followed by a life term of supervised release.

After being released from custody in 2009, Kamal moved to terminate his supervised release in 2019, arguing that he had been successfully rehabilitated because he was in full compliance with his supervision requirements, had successfully completed sex offender outpatient treatment, and had multiple character letters that said the public no longer needed to be protected from him. The government opposed that motion, and the district court

---

* Honorable Virginia M. Covington, United States District Judge for the Middle District of Florida, sitting by designation.

denied it via a paperless order. The district court also later denied Kamal's opposed motion to modify his supervised release conditions, in which Kamal sought to eliminate the requirement that he notify third parties of his criminal history.

Kamal filed another motion seeking early termination of supervised release in 2023. Along with all the reasons he cited in his 2019 motion, Kamal informed the district court that he had since voluntarily sought outpatient therapy with a new doctor to improve his mental health. Kamal also explained that his new probation officer did not intend to oppose his motion. The government again opposed the motion but recognized that Kamal had made significant strides in his rehabilitation and had strong community support. The government also conceded that at some point in the future the district court might consider terminating Kamal's supervised release.

The district court denied Kamal's motion in a paperless order, stating:

> PAPERLESS ORDER DENYING [105] Motion for Early Termination of Supervised Release filed by Defendant Tyrone Jackson. UPON CONSIDERATION of the Motion, the pertinent portions of the record, considering the 18 U.S.C. § 3553(a) factors, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that Defendant William David Kamal's Motion for Early Termination of Supervised Release [105] is DENIED.

We review the denial of a motion for early termination of supervised release for abuse of discretion. *Johnson*, 877 F.3d at 997. "Review under an abuse of discretion standard, however, is not simply a rubber stamp." *Id.* (alteration adopted and internal quotation marks omitted). The district "court must explain its sentencing decision[] adequately enough to allow for meaningful appellate review." *Id.*

A defendant may move to terminate his term of supervised release "at any time after the expiration of one year of supervised release . . . ." 18 U.S.C. § 3583(e)(1). The district court "may terminate [the] term of supervised release and discharge the defendant . . . if it is satisfied that such action is warranted by the conduct of the defendant . . . and the interest of justice." *Id.* That determination can be made only "after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)." *Id.* § 3583(e). The district court need not "explicitly articulate that it considered the factors" or identify which factors supported its decision. *Johnson*, 877 F.3d at 998. But the order must contain sufficient information "that meaningful appellate review of the factors' application can take place." *Id.*

The district court abused its discretion by denying Kamal's motion without "explain[ing] its sentencing decision[] adequately enough to allow for meaningful appellate review." *Id.* at 997. The district court's order did not provide any reason for denying Kamal's motion, beyond a bare statement that it had considered the Section 3553(a) factors, the motion, and "pertinent portions of

the record." Assuming that general statement might be sufficient, the paperless order began by purportedly addressing a motion filed by "Tyrone Jackson," and never mentioned the government's response. Given that the order initially purported to address a motion filed by another individual and omitted any reference to the government's response, it is unclear what record the court was referring to when it mentioned "the pertinent portions of the record." Appellate review under these circumstances would require speculation about the record considered and "post hoc rationalization" about the reason for the motion's denial. *Id.* at 1000.

We vacate the order denying Kamal's motion for early termination of supervised release and remand for further proceedings. We express no view on whether Kamal's supervised release should be terminated early. Rather, we merely conclude that further explanation of the district court's decision, whatever it may be on remand, is required.

**VACATED AND REMANDED.**