[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 24-10529

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

CHARLES CARROLL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 3:15-cr-00012-TCB-RDC-1

_____

Before NEWSOM, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

A jury found Charles Carroll guilty of possessing 314 images and 65 videos of child pornography. The district court imposed a sentence of 100 months' imprisonment and a lifetime term of supervised release. The conditions of Carroll's supervised release mandate that he obtain approval from his probation officer to (1) access the internet; (2) date or marry someone with minor children; and (3) contact his own minor children. Carroll appeals from the district court's order denying his motion to modify these conditions. Finding no error in the district court's order, we affirm.

**I.**

In September 2014, Georgia Bureau of Investigation agents unearthed child pornography on a "peer to peer file sharing program." Agents traced these files to an IP address assigned to Charles Carroll. In a search of Carroll's laptop, authorities discovered 314 images and 65 videos of child pornography. The videos included titles like "Vicky 10yr old orgasm" and "Nina 7yr sleeping anal fuck."

Carroll was arrested and tried for (1) distributing material involving sexual exploitation of minors and (2) possessing material involving sexual exploitation of minors. A jury found him guilty on both counts, and the district court sentenced him to 150 months' imprisonment, with lifetime supervised release to

follow.  As one of the special conditions of supervised release, the district court ordered Carroll to "comply with the conditions of the sex offender contract under the guidance and supervision of the probation officer."  The United States Probation Office for the Northern District of Georgia administers a "Sex Offender Compliance Contract."   In relevant part, the contract provides that the offender (1) "will obtain written approval" from his probation officer to access the internet or "use any computer"; (2) "will not date or marry anyone who has children under the age of eighteen" without approval from his probation officer; and (3) "will have no contact" with "any child under the age of eighteen"—including his own children—without his probation officer's approval.

Carroll appealed his conviction.  This Court affirmed the possession conviction but reversed the distribution conviction. *United States v. Carroll*, 886 F.3d 1347, 1353–54 (11th Cir. 2018). On remand, the district court re-sentenced Carroll to 100 months' imprisonment and again imposed a lifetime term of supervised release with the same conditions.  Less than six months after beginning the term of his supervised release, Carroll filed a motion under 18 U.S.C. § 3583(e)(2) to modify the conditions of the sex offender contract.  He asked the court to allow him to (1) access the internet for work and other "daily living activities"; (2) date or marry someone with minor children "as long as probation is notified beforehand"; and (3) have regular phone and in-person contact with his children "as long as probation is notified beforehand."  The government opposed, and the district

court denied the motion in a three-sentence order.  Carroll now appeals.

## II.

This Court reviews the denial of a motion for modification of supervised release for abuse of discretion.  *United States v. Cordero*, 7 F.4th 1058, 1069 (11th Cir. 2021).

## III.

*First*, Carroll asks this Court to vacate the supervised release conditions.  He argues that (1) the conditions violate his due process rights because they were not orally pronounced at his sentencing hearings; (2) the limitation on his internet access violates his First Amendment rights; (3) the limitation on dating someone with children denies his "constitutional right to associate with the romantic partner of his choosing"; and (4) the limitation on his contact with his children violates his due process rights.

But § 3583(e)(2) "cannot be used to challenge the legality or constitutionality of supervised release conditions."  *Id.* at 1070.  These arguments "are reserved properly for direct appeal or a 28 U.S.C. § 2255 motion."  *Id.*  Because these challenges cannot be brought in a § 3583(e)(2) motion, we will not consider them on appeal.

*Second*, Carroll asks this Court to reverse the district court's order denying his modification request.  He asserts that the district court abused its discretion by failing to consider the

required § 3553(a) factors before denying his motion. A district court may modify the conditions of supervised release after considering certain factors listed in 18 U.S.C. § 3553(a): "(1) the nature and circumstances of the offense; (2) the defendant's history and characteristics; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational and vocational training, medical care, or correctional treatment; (6) the applicable guideline range; (7) any pertinent policy statements set forth by the Sentencing Commission; (8) the need to avoid unwarranted sentencing disparities; and (9) the need to provide restitution." *Id.* at 1069.

But when denying a motion to modify, the court "need not explain each factor's applicability, nor always explicitly articulate that it considered the factors." *United States v. Johnson*, 877 F.3d 993, 998 (11th Cir. 2017). "Rather, the court's order, in light of the record, must indicate that the court considered" the factors. *Cordero*, 7 F.4th at 1069 (quotation omitted).

The district court denied the motion in a three-sentence order that does not discuss the § 3553(a) factors. But the order acknowledges Carroll's motion and the government's opposition. And the contents of the motion and the government's response indicate that the relevant factors were considered. *See id.* Carroll's motion reminds the court that supervised release conditions must be "reasonably related" to the § 3553(a) factors. And the government's response discusses how the conditions of the sex offender contract relate to several of the factors: the

nature of Carroll's offense, Carroll's history and characteristics, and the need to protect the public. So even though "the district court did not discuss explicitly the § 3553(a) factors, the record as a whole supports the conclusion that the district court considered the relevant § 3553(a) factors when denying the motion to modify." *Id.*

And the § 3553(a) factors support the challenged conditions. The conditions—which limit his access to the internet and his contact with minor children—are related to the nature of his offense: possessing child pornography that he downloaded from the internet. These limitations protect the public—specifically children—from sex offenders and promote rehabilitation. The district court did not abuse its discretion in denying Carroll's motion to modify the conditions of his supervised release.

⋆    ⋆    ⋆

We **AFFIRM** the district court's order.