[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-14282
Non-Argument Calendar

_____

D.C. Docket No. 1:08-cr-00197-KOB-GMB-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROOSEVELT ADAMSON, JR.,
a.k.a. Pokey,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(July 27, 2021)

Before ROSENBAUM, JILL PRYOR, and LUCK, Circuit Judges.

PER CURIAM:

Roosevelt Adamson, Jr., a federal prisoner counseled on appeal, appeals the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by § 603(b) of the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194 ("First Step Act").  After initially moving *pro se*, Adamson filed a counseled motion with the district court in October 2020 for compassionate release under § 3582(c)(1)(A).  He argued that his medical conditions of Type II diabetes, severe obesity, and hypertension, in conjunction with the presence of COVID-19 at his prison, put him at high risk for severe illness or death from a coronavirus infection.  He contended that he was a model inmate with a low recidivism risk and sought to have his 262-month sentence reduced to time served, or approximately 148 months.  The district court denied Adamson's motion, concluding that his medical conditions did not rise to the level of "extraordinary and compelling reasons" warranting a sentence reduction under the policy statement contained in U.S. Sentencing Guidelines Manual ("U.S.S.G.") §1B1.13(1)(A).  Additionally, the district court found that the sentencing factors under § 3553(a) weighed heavily against reducing his sentence.

On appeal, Adamson argues that the district court erred by exclusively basing its denial of his motion on § 1B1.13 and refraining from using its own discretion to determine what constituted extraordinary and compelling reasons.  He contends that even if the district court was correct to analyze his motion under § 1B1.13, the

district court abused its discretion by failing to set forth adequate reasoning for meaningful appellate review.

We review a district court's denial of a prisoner's § 3582(c)(1)(A) motion for abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in rendering the determination, or makes clearly erroneous factual findings. *United States v. Khan*, 794 F.3d 1288, 1293 (11th Cir. 2015). A district court also abuses its discretion if it fails to consider the 18 U.S.C. § 3553(a) factors when granting or denying a motion for compassionate release under section 3582(c)(1)(A). *United States v. Cook*, ___ F.3d. ___, 2021 WL 2149339, at *2 (11th Cir. May 27, 2021). A district court must provide enough analysis to permit "meaningful appellate review" of its sentencing decisions. *United States v. Johnson*, 877 F.3d 993, 998 (11th Cir. 2017).

A district court has no inherent authority to modify a defendant's sentence and may do so "only when authorized by a statute or rule." *United States v. Puentes*, 803 F.3d 597, 605–06 (11th Cir. 2015). As amended by the First Step Act, § 3582(c)(1)(A) permits district courts, after considering the § 3553(a) factors, to reduce a term of imprisonment upon a defendant's motion where "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). Previously, only the Director of the Bureau of Prisons ("BOP") could move for such

3

a reduction.  *United States v. Bryant*, 996 F.3d 1243, 1250 (11th Cir. 2021). Regardless of the movant, any reduction must be "consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).

Since the close of briefing in this case, we held in *Bryant* that the policy statement in U.S.S.G. § 1B1.13 is "applicable" to all motions filed under § 3582(c)(1)(A), including those filed by prisoners, even though § 1B1.13 was promulgated before the First Step Act and refers only to a sentence reduction upon a motion from the BOP Director. *Bryant*, 996 F.3d at 1252.  According to § 1B.13's commentary, serious medical conditions may constitute "extraordinary and compelling reasons," but only where the condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *See* U.S.S.G. § 1B1.13, comment (n.1)(A).  While the commentary also contains a catch-all for "other reasons," we held in *Bryant* that "other reasons" are limited to those determined by the BOP, not the courts. *Bryant*, 996 F.3d at 1262.

Accordingly, Adamson's argument that § 1B1.13 is not an "applicable" policy statement and that district courts may use their own discretion to develop additional reasons to grant a sentence reduction, is foreclosed by *Bryant*.  The district court therefore did not abuse its discretion by analyzing Adamson's motion under § 1B1.13.

Adamson responds that, even if § 1B1.13 applied, the district court abused its discretion by failing to set forth adequate reasoning to demonstrate it had given the motion due consideration. We disagree.

Recently, in *Cook*, we vacated and remanded where the district court's order denying a § 3582(c)(1)(A) motion failed to permit meaningful appellate review. Like Adamson, the prisoner in *Cook* moved for compassionate release under § 3582(c)(1)(A), arguing in relevant part that (1) COVID-19 posed a uniquely high risk to the incarcerated population; (2) his medical conditions placed him at a high risk of death or serious illness from a coronavirus infection; and (3) the § 3553(a) factors favored his release. *Cook*, 2021 WL 2149339, at *1. In a brief order, the district court denied the motion before the government filed a response. *Id.* We concluded that the district court's order included "nothing to suggest [that] the court considered, balanced, or weighed" any of the movant's arguments or considered the applicable § 3553(a) factors, noting that the order did not even mention the COVID-19 pandemic. *Id.* at *3–4.

Here, in contrast to *Cook*, the district court considered Adamson's motion and the government's response in opposition and issued a four-page decision explaining its reasons for denying compassionate release. As we have explained, the court properly analyzed Adamson's motion under the policy statement in § 1B1.13. The court addressed Adamson's medical conditions of Type II diabetes, obesity, and

5

hypertension, and it concluded, consistent with § 1B1.13, that he had not shown that these conditions substantially diminished his ability to provide self-care within the environment of the correctional facility. The court found that Adamson's medical conditions were stable and currently treated with medications, that the number of positive COVID-19 cases at Adamson's facility had improved, and that the BOP had instituted many measures to mitigate the risks of COVID-19 transmission among incarcerated individuals. Finally, the court observed that Adamson's general concerns about his possible exposure to COVID-19 were not "extraordinary and compelling reasons." The court's explanation was shows that it fully considered Adamson's motion under the appropriate legal standards.

Likewise, the district court adequately explained its decision that a reduction was not warranted based on the § 3553(a) factors. The court found that the § 3553(a) factors weighed heavily against Adamson's release and specifically named the factors weighing against his release: the nature of the offense, Adamson's history of recidivism, and the need to avoid sentence disparities among defendants. The district court mentioned the COVID-19 pandemic, demonstrating that it considered and weighed Adamson's arguments, and it balanced them against the applicable 3553(a) factors in ultimately finding that a sentence reduction was not warranted. Accordingly, Adamson has not shown that the district court procedurally erred in

6

denying his motion, and he does not challenge the substance of the court's ruling apart from the arguments we have already addressed.

In sum, the district court properly applied § 1B1.13 in analyzing Adamson's motion for compassionate release under § 3582(c)(1)(A) and adequately explained its reasons for denying that motion.  Accordingly, we affirm.

**AFFIRMED.**