[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-13307

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JEREMIAH ZACK ROGERS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

D.C. Docket No. 1:13-cr-00015-WLS-TQL-6

_____

Before LUCK, LAGOA, and ANDERSON, Circuit Judges.

PER CURIAM:

Jeremiah Rogers ("Rogers"), through counsel, challenges on appeal the district court's denial of his *pro se* original and amended motions for compassionate release under 18 U.S.C. § 3582(c)(1)(A) and his *pro se* "motion for reconsideration." Rogers argues that the district court abused its discretion when denying his motions for compassionate release because it failed to explain its decision sufficiently to enable meaningful appellate review. The Government disagrees, and it also argues that this Court lacks appellate jurisdiction to review the district court's denials of Rogers's original and amended motions for compassionate release.

We agree with the Government that Rogers cannot appeal the district court's denial of his original and amended § 3582(c)(1)(A) motions for compassionate release because those orders did not merge into the district court's denial of Rogers's motion labeled "Emergency Motion for Reconsideration of

COVID-19 Compassionate Release." *See* Fed. R. App. P. 3(c)(4) ("The notice of appeal encompasses all orders that, for purposes of appeal, merge into the designated judgment or appealable order. It is not necessary to designate those orders in the notice of appeal."). Accordingly, in this appeal, we will review only the district court's denial of Rogers's "motion for reconsideration."

## I.

In September 2013, Rogers pled guilty to one count of conspiracy to possess drugs with the intent to distribute. The district court sentenced him to 200 months in prison. In April 2020, Rogers filed a motion to reduce his sentence based on compassionate release because his health conditions put him at a heightened risk of serious sickness or death from COVID-19. On April 27, 2020, the district court summarily denied that motion. The judge checked the box next to the following statement: "DENIED after complete review of the motion on the merits." Earlier, the boilerplate, form order said that it was being entered "after considering the applicable factors set forth in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission to the extent they are relevant to whether a reduction is warranted."

On May 1, 2020, Rogers filed an "[a]ddendum" to his prior motion to reduce his sentence. While this addendum was dated April 23, 2020, it was not filed until May 1, 2020—*i.e.*, after the district court had denied Rogers's earlier motion for a reduced sentence. The district court treated this addendum as an amend-

ed motion for a reduction in sentence, and, on June 2, 2020, it issued a separate denial of that amended motion.  This order says, in full,

> After careful and complete review of the additional information submitted by the defendant; the applicable factors set forth in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission to the extent they are relevant to whether a reduction is warranted (and, if so, the amount of the reduction), this motion is DENIED.

On July 13, 2020, Rogers filed his "Emergency Motion for Reconsideration" of his request for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).  Rogers said that he thought the court had denied his prior request "presumably for failing to exhaust [his] administrative remedies," and he argued that he "now [met] all requirements for compassionate release."  He then listed his illnesses—diabetes, high blood pressure, sleep apnea, obesity, high cholesterol, and low blood iron—that make him more vulnerable to serious sickness or death from COVID-19.  On August 12, 2020, the court denied Rogers's "motion for reconsideration," reasoning that Rogers had "not provided any information to warrant reconsideration of the Court's prior orders denying his motions for compassionate release."  The court explained that, "[n]otwithstanding Rogers' health conditions, the Court does not find that he has met the standards to warrant compassionate release."

On August 24, 2020, Rogers mailed his notice of appeal of the district court's August 12, 2020 order—*i.e.*, the order denying his "motion for reconsideration." He makes one argument on appeal: the district court abused its discretion by failing to explain its rationale for denying compassionate release sufficiently to enable meaningful appellate review. Before addressing this argument, we must first outline the scope of this appeal.

## II.

In its response brief, the Government argues that the only order properly before this Court is the district court's August 12, 2020 denial of Rogers's "motion for reconsideration." We agree. Rogers's notice of appeal specifies "the [judgment] and denial imposed by [the district] court on 8/12/2020." That can refer only to the district court's denial of his "motion for reconsideration."

That said, the 2021 amendments to Federal Rule of Appellate Procedure 3 "promote a liberal reading of the notice of appeal on the assumption that narrowing the issues on appeal is a task often better left to the briefing." 16A Charles Alan Wright, Arthur R. Miller & Catherine T. Struve, *Federal Practice and Procedure* § 3949.4 (5th ed. April 2022 Update). These amendments sought to "alert readers to the merger principle" by adding a new provision to Rule 3(c): "The notice of appeal encompasses all orders that, for purposes of appeal, merge into the designated judgment or appealable order. It is not necessary to designate those orders in the notice of appeal." Fed. R. App. P. 3(c)(4); Fed. R. App. P. 3 advisory committee's note to 2021 amendment.

The advisory committee added this language to clarify that prior, interlocutory orders merge into "the judgment or order on appeal—the one serving as the basis of the court's appellate jurisdiction and from which time limits are calculated"—such that they are reviewable on appeal along with that final judgment. Fed. R. App. P. 3 advisory committee's note to 2021 amendment. Here, the district court's August 12, 2020 order is the designated judgment on appeal—*i.e.*, it is the order that "serv[es] as the basis of [our] appellate jurisdiction and from which time limits are calculated." *Id.* And we may review any order that merges into this district court order.

The Government argues that the district court's denial of Rogers's original and amended motions for compassionate release do not merge into the denial of his "motion for reconsideration" because such a holding would allow Rogers to circumvent the time limitations for filing appeals. The district court denied Rogers's original motion for compassionate release on April 27, 2020, and it denied his amended motion on June 2, 2020. Rogers did not sign his notice of appeal, though, until August 24, 2020—well outside the 14-day period for him to file an appeal of those orders under Federal Rule of Appellate Procedure 4(b), (c).[1]

---

[1] For obvious reasons, Rogers does not argue on appeal that he filed any motion that might have tolled the running of the 14-day time for appeal. There was no motion filed by Rogers within 14 days of either the April 27, 2020 order or the June 2, 2020 order that could have tolled the time for appeal. Fed. R. App. P. 4(b)(3)(A).

In his reply brief, Rogers notes that the merger rule allows "review of all rulings that *led up to the judgment.*" Fed. R. App. P. 3 advisory committee's note to 2021 amendment (emphasis added). He argues that the district court's two orders denying his motion for compassionate release plainly "led up to" the court's denial of his "motion for reconsideration."

We disagree with Rogers's argument that the district court's April 27, 2020, and June 2, 2020, orders merged into its August 12, 2020 judgment. The advisory committee's notes on the 2021 amendments to Rule 3 suggest that the merger rule applies only where the earlier orders were non-appealable, interlocutory orders:

> Designation of the final judgment [in the notice of appeal] confers appellate jurisdiction over prior interlocutory orders that merge into the final judgment. The merger principle is a corollary of the final judgment rule: a party cannot appeal from most interlocutory orders, but must await final judgment, and only then obtain review of interlocutory orders on appeal from the final judgment.

Fed. R. App. P. 3 advisory committee's note to 2021 amendment.[2] Rogers could have directly appealed the denial of either

[2] Although Rogers argues that the advisory committee said that the merger rule permits review of "all rulings" that led up to the final judgment, it is clear that the advisory committee is suggesting that review is permitted only

his original or amended motion for compassionate release, but he did not do so. Rogers's argument—that the April 27 or June 2, 2020 orders merge into the final judgment on August 12, 2020 and therefore are reviewable—would permit Rogers to circumvent the 14-day time limit to appeal the April 27 and June 2 orders. Moreover, he cites no case—and our research has uncovered no case—which would support his argument. We reject Rogers's argument and conclude that the April 27 and June 2 orders did not merge into the August 12, 2020 order and, thus, are not properly before us.

Accordingly, we will review in this appeal only the district court's denial of Rogers's "motion for reconsideration."

### III.

Rogers's initial brief on appeal focuses on the district court's denial of his original and amended motions for compassionate release and their boilerplate character. Such arguments are misplaced because those district court orders are not before us. And there is little in Rogers's initial brief challenging the only district court order properly before us for review—*i.e.*, the district court's August 12, 2020 order. However, assuming *arguendo* that Rogers has not forfeited any challenge to the district court's Au-

---

of prior rulings that merge into the final judgment—*e.g.*, prior interlocutory rulings.

gust 12 order, we cannot conclude that the district court committed reversible error.

The district court entertained Rogers's "Emergency Motion for Reconsideration," considering whether "(1) there has been an intervening change in the law, (2) new evidence has been discovered that was not previously available to the parties at the time the original order was entered, or (3) reconsideration is necessary to correct a clear error of law or prevent manifest injustice." In a typed order covering a page and a half, the district court made clear that it had carefully considered Rogers's health conditions and the arguments asserted in Rogers's several filings. The district court then concluded,

> after careful and complete review of the additional information submitted by the defendant, the applicable factors set forth in 18 U.S.C. § 3553(a), and the applicable policy statements issued by the Sentencing Commission to the extent they are relevant, Defendant's motion to reconsider . . . is **DENIED**.

We cannot conclude that meaningful review is impossible. *See United States v. Cook*, 998 F.3d 1180, 1183 (11th Cir. 2021) ("'Review under an abuse of discretion standard, however, is not simply a rubber stamp.' A district court . . . 'must explain its sentencing decisions adequately enough to allow for meaningful appellate review.'" (citation omitted) (quoting *United States v. Johnson*, 877 F.3d 993, 997 (11th Cir. 2017))). We know that the district court carefully reviewed the evidence presented by Rogers,

the applicable § 3553(a) factors, and the applicable policy statements of the Sentencing Commission.  Accordingly, the judgment of the district court is

**AFFIRMED.**