[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-14151

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JOHNNY BRETT GREGORY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 4:06-cr-00010-WMR-WEJ-1

_____

Before WILLIAM PRYOR, Chief Judge, LUCK and LAGOA, Circuit Judges.

PER CURIAM:

Johnny Brett Gregory, a former federal prisoner, appeals *pro se* the *sua sponte* denial of his motion to terminate his five-year term of supervised release. 18 U.S.C. § 3583(e)(1). We affirm.

We review the denial of a motion to terminate a term of supervised release for abuse of discretion. *United States v. Johnson*, 877 F.3d 993, 997 (11th Cir. 2017). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021) (quoting *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1267 (11th Cir. 2019)). "When review is only for abuse of discretion, it means that the district court had a 'range of choice' and that we cannot reverse just because we might have come to a different conclusion had it been our call to make." *Id.* at 912.

A district court may "terminate a term of supervised release and discharge the defendant released at any time after expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]" 18 U.S.C. § 3583(e)(1); *see Johnson*, 877 F.3d at 996. The district court must consider several statutory sentencing factors, including the nature and circumstances of the defendant's

offense; his history and characteristics; and the need to deter him and to protect the public from future similar crimes and to educate or provide him treatment. 18 U.S.C. §§ 3553(a), 3583(e)(1). The district court must consider, but is not required to discuss, each of the several factors. *Johnson*, 877 F.3d at 997. "The weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court." *United States v. Croteau*, 819 F.3d 1293, 1309 (11th Cir. 2016).

The district court did not abuse its discretion by denying Gregory's motion. It lauded Gregory's compliance with the terms of his supervised release and self-improvement. But after considering the sentencing factors, the district court reasonably determined that terminating Gregory's supervised release four years early would undermine "the important deterrent effect his [mandatory minimum] sentence [for his serious drug-related crimes] was intended to serve."

We **AFFIRM** the denial of Gregory's motion to terminate his term of supervised release.