[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-13204

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JOSHUA BLAKE WISE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:15-cr-00300-WS-N-1

_____

Before WILSON, BRANCH, and LUCK, Circuit Judges.

PER CURIAM:

Joshua Wise, a federal prisoner proceeding *pro se*, appeals the district court's denial of his motion for reconsideration of its denial of Wise's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), as amended by § 603(b) of the First Step Act.[1] The government, in turn, moves to dismiss the appeal as untimely or, alternatively, for summary affirmance and to stay the briefing. After careful review, we deny the government's motion to dismiss as untimely, grant its motion for summary affirmance, and deny as moot its motion to stay the briefing schedule.

## I.    Background

In 2015, a federal grand jury indicted Wise on three counts of drug-related offenses. In 2018, he was sentenced to 84 months' imprisonment to be followed by five years of supervised release.

In 2022, Wise filed a *pro se* motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Citing decisions from other circuits, he argued that the district court could consider "other factors" as extraordinary and compelling reasons for compassionate release under U.S.S.G. § 1B1.13. He asserted that his mental health issues, including ADHD, bipolar disorder, and severe anxiety, put him at greater risk of neurological and mental complications associated with a COVID-19 infection, which is

---

[1] Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018) ("First Step Act").

more likely to occur in a prison environment. He also stated that he had been denied a particular drug treatment, which was recommended at sentencing, because of an error in his presentence investigation report ("PSI") stating that he was "sober from meth since 2009." Wise listed six non-medical issues that he felt were extraordinary and compelling reasons for compassionate release: (1) his indictment was duplicitous because the three counts charged the same crime three times; (2) his federal sentence ran consecutive to his "discharged state sentence" because the district court "never expressly ordered it not to run concurrent" and his counsel did not raise the issue; (3) the district court applied the wrong base offense level in determining his sentence; (4) he substantially cooperated with the government; (5) his father was assaulted and battered by marshals during Wise's period of undercover work for the government; and (6) the Bureau of Prisons ("BOP") had refused to credit him with time served despite the sentencing judge's statement that he would be entitled to it. Finally, he argued that the sentencing factors in 18 U.S.C. § 3553(a) favored his release.

On June 29, 2022, the district court denied the motion without ordering the government to respond. It found that Wise failed to establish extraordinary and compelling circumstances because he did not assert that he had a terminal illness or that his medical conditions interfered with his ability to provide self-care in prison. The district court then found that his six non-medical reasons did not fall within the Sentencing Guidelines' policy statement, *see* U.S.S.G. § 1B1.13, so they could not support a finding of extraordinary and compelling reasons for compassionate release.

The court finally noted that, because Wise failed to establish that extraordinary and compelling reasons existed, it did not need to address either the § 3553(a) factors or relevant policy statements.

Wise moved for reconsideration of the order, which he asserted was placed in the mail on July 22, 2022. He argued that the district court failed to analyze the 18 U.S.C. § 3553(a) factors and improperly applied or ignored the rules governing compassionate release. He reasserted his contention that district courts have discretion to define "other reasons" under U.S.S.G. § 1B1.13. He alleged that the court applied its personal opinion rather than the relevant facts and law. He also alleged that the district court had never approved a motion for compassionate release and asked that, if it had, the court provide him "the details of each recipient." Finally, he repeated his arguments that his mental illness, his lack of drug abuse or mental health treatment in prison, and his other six non-medical issues constituted extraordinary and compelling circumstances.

On August 9, 2022, the district court denied the motion, finding that Wise "relie[d] on vituperation and his personal rejection of the governing legal principles, [and] identifie[d] no arguable error in the [c]ourt's analysis."

Wise filed a *pro se* notice of appeal, which he placed in the mail on September 16, 2022. Wise designated for appeal the district court's August 9 denial of reconsideration. On appeal, Wise argues that the district court abused its discretion by ruling on his motion for compassionate release without the government's opposition

and ignoring his six extraordinary and compelling reasons, which he repeats here. As to the August 9 order, Wise argues that the district court's order did not provide sufficient explanation to determine whether its ruling was based on the same grounds cited in its June order, and thus, to allow for meaningful appellate review. The remainder of his arguments focus on the merits of his motion for compassionate release and the district court's denial of that motion.

The government moved to dismiss the appeal as untimely and for lack of jurisdiction and moved for summary affirmance of the district court's denial of Wise's motions for compassionate release and reconsideration. It argues that the appeal is untimely as to both the district court's order denying compassionate release and its order denying reconsideration, or alternatively, that summary affirmance is appropriate as a matter of law because the district court properly denied the motions. As to summary affirmance, the government first argues that the district court was not required to explain its decision adequately enough to allow for meaningful appellate review because that particular order was not a sentencing decision. It further argues that, regardless, the court did sufficiently explain its rational because it stated that Wise failed to identify any arguable error in the court's analysis. The government also moves to stay the briefing schedule pending the resolution of its motion and requests that, should we deny its motion, its motion be used as its responsive brief.

We granted the government's motion to dismiss with respect to the district court's June 29 order denying compassionate release.   As to the district court's August 9 order denying reconsideration, we remanded the case to the district court for the limited purpose of determining whether Wise had shown excusable neglect or good cause warranting an extension of the appeal period.  We deferred ruling on the government's motion to dismiss the appeal as to the August 9 order and its alternative motion for summary affirmance pending the limited remand. Subsequently, the district court issued an order finding good cause for the late filing, extending the time for filing a notice of appeal, and deeming timely the appeal as to the denial of reconsideration.

## II.    Discussion

Summary disposition is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case . . . ." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[2]

We review the denial of a motion for reconsideration for abuse of discretion.  *United States v. Simms*, 385 F.3d 1347, 1356 (11th Cir. 2004).  A district court abuses its discretion when it applies an incorrect legal standard or makes a clear error of

---

[2] *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (holding that decisions of the former Fifth Circuit issued prior to the close of business on September 30, 1981, are binding in the Eleventh Circuit).

judgment. *Diveroli v. United States*, 803 F.3d 1258, 1262 (11th Cir. 2015).

Although motions for reconsideration of a district court order in a criminal action are not expressly authorized by the Federal Rules of Criminal Procedure, both "the Supreme Court and this Court have permitted motions for reconsideration in criminal cases . . . ." *United States v. Phillips*, 597 F.3d 1190, 1199 (11th Cir. 2010).

"[T]here must be enough, in the record or the court's order, to allow for meaningful appellate review" of a district court's sentencing decision. *United States v. Johnson*, 877 F.3d 993, 997 (11th Cir. 2017). When a court fails to explain its sentencing decision adequately enough to allow for meaningful appellate review, it abuses its discretion. *Id.* "This principle applies not only when a court imposes a sentence, but also when it determines whether or not to reduce a defendant's sentence." *Id.*

District courts lack the inherent authority to modify a term of imprisonment but may do so within § 3582(c)'s provisions. 18 U.S.C. § 3582(c); *United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir. 2021), *cert. denied*, 142 S. Ct. 583 (2021). Section 3582(c) provides that:

> [t]he court . . . upon motion of the defendant after the defendant . . . may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that

> (i) extraordinary and compelling reasons warrant such a reduction . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A)(i).

Section 1B1.13 of the Sentencing Guidelines provides the applicable policy statement for § 3582(c)(1)(A). The application notes to § 1B1.13 list four categories of extraordinary and compelling reasons: (A) the defendant's medical condition, (B) his age, (C) his family circumstances, and (D) other reasons. *Id.*, comment. n.1(A)–(D). The defendant's medical condition qualifies as an extraordinary and compelling reason for compassionate release if he is "suffering from a serious physical or medical condition" that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.*, comment. n.1(A). In addition to determining that extraordinary and compelling reasons warrant a reduction, § 1B1.13 states that the district court must also determine that the defendant is not a danger to the safety of others or the community, as provided in 18 U.S.C. § 3142(g). *Id.* § 1B1.13(2).

Notably, in *Bryant*, we held that, following the enactment of the First Step Act, § 1B1.13 continued to constrain a district court's ability to evaluate whether extraordinary and compelling reasons were present and that "Application Note 1(D) does not grant

discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence." 996 F.3d at 1248.

"Under § 3582(c)(1)(A), the court must find that all necessary conditions are satisfied before it grants a reduction." *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021). Accordingly, the absence of any one of the necessary conditions—support in the 18 U.S.C. § 3553(a) factors, extraordinary and compelling reasons, and adherence to U.S.S.G. § 1B1.13's policy statement—forecloses a sentence reduction. *Id.* at 1237–38. Additionally, "nothing on the face of 18 U.S.C. § 3582(c)(1)(A) requires a court to conduct the compassionate-release analysis in any particular order." *Id.* at 1237.

Under the Federal Rules of Appellate Procedure, a criminal defendant must file a notice of appeal in the district court within 14 days after the entry of the order being appealed, but the district court may grant an extension of time to file a notice of appeal not to exceed 30 days upon a finding of excusable neglect or good cause. Fed. R. App. P. 4(b)(1)(A), 4(b)(4). Here, as an initial matter, the district court extended the time for filing a notice of appeal. Accordingly, Wise's notice of appeal is timely as to the order denying his motion for reconsideration.

As to summary affirmance, the government's position is clearly right as a matter of law. First, the district court sufficiently explained its decision to deny the motion to reconsider. The court correctly stated that Wise had not identified any arguable error in the court's prior analysis. Second, it was not permitted to consider "other reasons" and was not required to analyze the § 3553(a)

factors once it determined that Wise had not presented extraordinary and compelling circumstances. *See Bryant*, 996 F. 3d at 1248; *Tinker*, 14 F.4th at 1237–38, 1240. Moreover, contrary to Wise's assertions, there is nothing to indicate that the district court abused its discretion by applying an incorrect legal standard in denying his motion for compassionate release, and the record is sufficient for meaningful appellate review. *Johnson*, 877 F.3d at 997.

Wise raises no other discernable arguments challenging the district court's denial of reconsideration, so he has abandoned all other arguments. *See United States v. Wright*, 607 F.3d 708, 713 (11th Cir. 2010) (noting the "long standing rule that issues and contentions not raised in the initial brief are deemed abandoned"). Thus, the government is clearly right as a matter of law. *Groendyke*, 406 F.2d at 1161–62.

### III.    Conclusion

Accordingly, we DENY the government's motion to dismiss as untimely, GRANT its motion for summary affirmance, and DENY as moot its motion to stay the briefing schedule and request to construe its motion as its brief.