[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-12797

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ROBROY WILLIAMS,
a.k.a. Spy,
a.k.a. Spy Williams,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

D.C. Docket No. 8:04-cr-00158-SCB-TBM-1

————————————

Before NEWSOM, GRANT, and TJOFLAT, Circuit Judges.

PER CURIAM:

Robroy Williams, a federal prisoner proceeding pro se, appeals the District Court's denial of his motion for compassionate release, under 18 U.S.C. § 3582(c)(A)(1). Williams argues that the District Court erred in finding that he was ineligible for compassionate release because he meets the requirements in U.S. Sent'g Guidelines Manual (U.S.S.G.) § 1B1.13 cmt. n.1(B) (U.S. Sent'g Comm'n 2021). Williams also argues that the District Court abused its discretion by relying on his Jamaican citizenship and the nature of his offense of conviction to determine that he posed a danger to the community, and by ignoring his dangerousness considering his advanced age.

## I. Background

A federal grand jury indicted Williams, and seven codefendants, with conspiring to distribute cocaine and marijuana with intent to unlawfully import it into the United States, in violation of 21 U.S.C. §§ 963, 960(a)(3), 960(b)(1)(B)(ii), and 960(b)(1)(G). The grand jury also indicted Williams, and one codefendant, with conspiring to possess with intent to distribute cocaine aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 1903(j), (g), and 21 U.S.C. § 960(b)(1)(B)(ii). Williams pled guilty to both counts.

The District Court sentenced Williams to 360 months' imprisonment. Williams directly appealed, challenging the enhancements imposed by the court and the reasonableness of his sentence, but we affirmed Williams's sentence.

Williams, through his attorney, moved to correct his sentence under 28 U.S.C. § 2255, arguing that he received ineffective assistance of counsel. The District Court denied his § 2255 motion. Williams, proceeding pro se, filed a second motion to correct his sentence under § 2255, arguing that counsel was ineffective in his previous § 2255 proceeding. The District Court denied Williams's second § 2255 motion because it was untimely and successive.

Williams then moved pro se for home confinement or a reduction of his sentence in the form of compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). He argued that his previous stroke and his medical conditions of diabetes, high cholesterol, vulnerability to varicella-zoster virus, high glucose, hypertension, and odnasal pterygium increased his risk of severe illness or death from COVID-19. Williams attached supporting documentation to his motion, including: his initial request for home confinement, the facility administrator's denial of his request, an affidavit from his sister confirming his release plan, an affidavit from a doctor supporting any defendant's attempt to seek release from custody during the COVID-19 pandemic, a memorandum from the Attorney General instructing the Bureau of Prisons (BOP) to prioritize home confinement as an appropriate response to COVID-19, and his medical records.

The Government opposed Williams's motion.  It argued that the authority under § 3582 to grant home confinement was committed solely to the BOP's discretion.  It noted (1) that Williams's release plan conflicted with his unresolved detainer with Immigration and Customs Enforcement (ICE), (2) that Williams had more than eighteen months remaining to serve, and (3) that Williams had not served 50% of his current 360-month sentence.  The Government also explained that Williams's motion could be granted only upon a finding of extraordinary and compelling circumstances, and that his conditions were not specified in the Sentencing Commission's policy statement as medical conditions that constitute extraordinary and compelling reasons for compassionate release.  It argued that even if Williams could establish an extraordinary and compelling reason for compassionate release, the § 3553(a) factors—including the nature of his criminal conduct and the need to protect the community—weighed strongly against granting him compassionate release.

The District Court denied Williams's motion.  It concluded that Williams failed to establish an extraordinary and compelling reason warranting compassionate release.  It also concluded that the § 3553(a) factors weighed against granting Williams's motion because he would pose a danger to the community if released.  It noted that Williams "was convicted of a serious drug offense and [that he] has an unresolved INS detainer with [ICE] because he is a Jamaican citizen who will be deported after serving his sentence."

After Williams was transferred to a new prison, he filed another motion for compassionate release. He referenced the medical conditions listed in his previous motion and noted that he also had a history of heart problems. He emphasized that he was sixty-five years old, had served over half of his sentence, and was a nonviolent offender. If granted release, he planned to return to Jamaica to become a youth mentor and be with his family. He attached more medical records from his previous prison, the facility's denial of his request for compassionate release, and evidence that he had completed multiple courses relating to self-improvement while serving his sentence.

The District Court denied Williams's motion without the need for the Government's response. The court noted that Williams was not terminally ill, and his medical problems were well-controlled in the BOP and not such that he could not provide self-care. The District Court also considered the § 3553(a) factors and concluded that they weighed against granting Williams's motion because he posed a danger to the community if released. Williams appealed.[1]

---

[1] After he filed his appeal, Williams filed a motion for reconsideration, in which he reiterated his arguments from his original motion and emphasized his medical ailments, his good behavior, and his rehabilitative efforts. He also attached medical records, a news article on COVID-19 at BOP institutions, and certificates of completion for coursework at the prison. The District Court denied Williams's motion for reconsideration. It found that Williams failed to demonstrate the availability of new evidence, an intervening change in controlling law, or a need to correct a clear error or manifest injustice.

## II.  Legal Standards

"We review *de novo* whether a defendant is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)."  *United States v. Giron*, 15 F.4th 1343, 1345 (11th Cir. 2021).  "After eligibility is established, we review a district court's denial of a prisoner's § 3582(c)(1)(A) motion for abuse of discretion."  *Id.*  "The abuse of discretion standard of review 'is not simply a rubber stamp.'"  *Id.* (quoting *United States v. Johnson*, 877 F.3d 993, 997 (11th Cir. 2017) (per curiam)).  "A court must explain its sentencing decisions adequately enough to allow for meaningful appellate review."  *Johnson*, 877 F.3d at 997.  The abuse of discretion standard "does afford district courts a 'range of choice,' and we 'cannot reverse just because we might have come to a different conclusion.'"  *Giron*, 15 F.4th at 1345 (quoting *United States v. Harris*, 989 F.3d 908, 912 (11th Cir. 2021)).  "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making its determination, or makes clearly erroneous factual findings."  *Id.*

"We liberally construe *pro se* filings, including *pro se* applications for relief pursuant to § 2255."  *Winthrop-Redin v. United States*, 767 F.3d 1210, 1215 (11th Cir. 2014).  That said, we may not rewrite filings for pro se litigants.  *See Benning v. Comm'r, Ga. Dep't of Corrs.*, 71 F.4th 1324, 1340 (11th Cir. 2023).

## III.  Discussion

Williams argues that the District Court erred in failing to liberally construe his arguments that his advanced age was the basis for his motion for compassionate release.  He asserts that because

he is sixty-five years old, has served more than ten years, and has deteriorating health conditions he is eligible for a reduction of his sentence under U.S.S.G. § 1B1.13 cmt. n.1(B). The Government argues that the District Court appropriately considered § 1B1.13 cmt. n.1(B) and that Williams failed to mention the age provision and failed to argue that he had experienced a serious deterioration in physical or mental health because of the aging process. We agree with the Government.

"A district court has no inherent authority to modify a defendant's sentence and may do so 'only when authorized by a statute or rule.'" *Giron*, 15 F.4th at 1345 (quoting *United States v. Puentes*, 803 F.3d 597, 606 (11th Cir. 2015)). "A statutory exception exists for compassionate release." *Id.*; 18 U.S.C. § 3582(c)(1)(A).

> Under this exception, a district court may grant a prisoner's motion for compassionate release after determining that (1) "extraordinary and compelling reasons warrant such a reduction," (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and (3) § 3553(a) sentencing factors weigh in favor of a reduction.[2]

---

[2] Those factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the kinds of sentence and the sentence range established; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

*Giron*, 15 F.4th at 1346 (quoting 18 U.S.C. § 3582(c)(1)(A)).

"The Sentencing Commission has issued a policy statement concerning this exception: Section 1B1.13." *Id.* "The application notes for Section 1B1.13 identify four general categories of 'extraordinary and compelling reasons': medical, age, family, and a 'catch-all "other reasons" category.'" *Id.* (quoting *United States v. Bryant*, 996 F.3d 1243, 1249–50 (11th Cir. 2021)); U.S.S.G. § 1B1.13 cmt. n.1(A)–(D). Relevant here is the age category. Under that category, a defendant can establish extraordinary and compelling circumstances if he or she is (1) "at least 65 years old"; (2) "experiencing a serious deterioration in physical or mental health because of the aging process"; and (3) has "served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." U.S.S.G. § 1B1.13, cmt. n.1(B). We are bound by the Commission's definition of extraordinary and compelling reasons. *See Bryant*, 996 F.3d at 1251–52.

The District Court did not err in determining that Williams was ineligible for compassionate release. To begin, the court considered all the subsections within § 1B1.13, including the section describing extraordinary and compelling circumstances based on age. The court explained that Williams "fail[ed] . . . to demonstrate an extraordinary and compelling reason warranting compassionate release because his circumstances do not fall within U.S.S.G. § 1B1.13, cmt. n.1(A)–(D). He is not terminal, his medical problems are well-controlled in the [BOP], and they are not such that he cannot provide self-care."

Though the District Court appears to have focused its discussion on U.S.S.G. § 1B1.13 cmt. n.1(A), that decision was reasonable. Williams failed to argue that he was eligible under n.1(B). Instead, he noted that "he is a high-risk inmate, due to his medical issues, and [he] is 65 years old which is the age hardest to recover if such coronavirus is contracted." True, Williams mentions his age throughout his motion, but nowhere does he argue that he experienced a "serious deterioration in physical or mental health *because of the aging process*." U.S.S.G. § 1B1.13 cmt. n.1(B)(ii) (emphasis added). The District Court therefore reasonably focused on Williams's various medical conditions under U.S.S.G. § 1B1.13 cmt. n.1(A).[3] *See Benning*, 71 F.4th at 1340 ("Although we review *pro se* filings liberally, we cannot 'rewrite [a] . . . pleading' to request a different form of relief." (alteration and omission in original) (quoting *Campbell v. Air. Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014))). And the District Court did not err in finding that Williams's medical conditions did not qualify as an extraordinary and compelling reason for early release. *See, e.g.*, *Harris*, 989 F.3d at 912 (holding that the district court did not abuse its discretion by denying compassionate release to an inmate with hypertension, despite the existence of COVID-19); *Giron*, 15 F.4th at 1346 (holding the same where the prisoner's high cholesterol, high blood pressure,

---

[3] Moreover, Williams's health conditions were noted in a 2009 medical record when Williams was fifty-two years old. On this record, there is nothing to suggest that Williams has experienced a serious deterioration in physical or mental health because of the aging process.

and coronary artery disease were "manageable in prison, despite the existence of the COVID-19 pandemic").

Extraordinary and compelling circumstances did not warrant granting Williams's motion. It is therefore unnecessary to reach whether the District Court abused its discretion in applying the § 3553(a) factors. *See Giron*, 15 F.4th at 1350.

## IV. Conclusion

Accordingly, we affirm the District Court's order denying Williams's motion for compassionate release.

**AFFIRMED.**