[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-10722

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MICHAEL PEGRAM,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:08-cr-00434-ELR-JFK-1

_____

Before JILL PRYOR, NEWSOM and HULL, Circuit Judges.

PER CURIAM:

Michael Pegram appeals the district court's order denying his 18 U.S.C. § 3583(e)(1) motion for early termination of supervised release.  On appeal, Pegram argues that the district court abused its discretion by failing to consider properly the relevant § 3553(a) factors and by impermissibly considering the seriousness of his offense.  After review, we find no abuse of discretion and affirm.

## I.  BACKGROUND

In 2009, Pegram pled guilty to receipt of child pornography, in violation of 18 U.S.C. §§ 2252(a)(2)(A) and 2256(8)(A).  Pegram was originally arrested on state charges of sexual battery and child exploitation based on allegations he inappropriately touched minor children while working at an afterschool program.  After a search of Pegram's computers turned up child pornography, the federal government charged Pegram with the instant federal child pornography offense.

In 2015, after completing his 97-month sentence, Pegram began serving his supervised release term of ten years.  At the time of his § 3583(e)(1) motion in 2023, Pregram had served over 7 years of his supervised release term.  Pegram asked the district court to terminate his supervised release, stressing that he had never violated the terms of his supervised release, was employed, had

completed specialized sex offender treatment, and lived with and helped his parents.

The district court denied Pegram's § 3583(e)(1) motion. The court reviewed the procedural history of Pegram's case. In particular, the district court noted an earlier determination in the amended judgment and commitment order that Pegram required the most secure housing in prison and was "especially vulnerable" due to his slight physical stature, emotional immaturity, well-below-average IQ, learning disabilities, and treatment for depression and anxiety.

The district court summarized the grounds for Pegram's § 3583(e)(1) motion, including that he had "done well on supervision, is unlikely to recidivate, has been employed since 2021, helps people in the community and his family." Ultimately, the district court stated it denied the motion after conducting "a careful review of the record and the motion filed," and explained that denial was appropriate "especially in light of the serious nature of the crime of which [Pegram] was convicted."

## II. DISCUSSION

### A.    General Principles

"We review a district court's denial of a motion for early termination of supervised release for an abuse of discretion." *United States v. Johnson*, 877 F.3d 993, 997 (11th Cir. 2017). A court abuses its discretion when it fails to explain its sentencing decisions adequately enough for meaningful appellate review. *Id.*

Under § 3583(e)(1), and after the expiration of one year of supervised release, a district court may terminate a defendant's supervised release term if, "after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)," the court "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1); *see Johnson*, 877 F.3d at 996.

The particular § 3553(a) factors referenced in § 3583(e) include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to afford adequate deterrence to criminal conduct, (b) to protect the public from further crimes of the defendant, and (c) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (4) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D), (a)(4)-(7).

However, § 3583(e)'s list of factors does not expressly include the factors in § 3553(a)(2)(A), which are "the need for the sentence . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." *Id.* §§ 3553(a)(2)(A), 3583(e). Section 3583(e), however, does not explicitly forbid consideration of these factors, and § 3583(e) does expressly permit the district court to consider the

§ 3553(a)(1) factors, which include the nature and circumstances of the offense.

Further, this Court has concluded that it is not plain error for a district court to consider the same § 3553(a)(2)(A) factors, even though not listed in § 3583(e), when deciding a revocation of supervised release. *See United States v. Vandergrift*, 754 F.3d 1303, 1308-09 (11th Cir. 2014). In *Vandergrift*, we emphasized that § 3583(e) did not "*explicitly* forbid a district court from considering § 3553(a)(2)(A)." *Id*. at 1308.

In addition, a district court ruling on a § 3583(e)(1) motion "must indicate that [it] considered the [18 U.S.C. § 3553(a)] factors enumerated in the provision," but it "need not explain each factor's applicability, nor always explicitly articulate that it considered the factors." *Johnson*, 877 F.3d at 998. That said, the district court "must explain its sentencing decisions adequately enough to allow for meaningful appellate review." *Id*. at 997-98 (addressing a paperless order stating only that the motion was denied). Meaningful appellate review "requires the reasons for the district court's decision to be sufficiently apparent," and thus, apart from the district court's order, the record can also provide a sufficient basis for meaningful appellate review. *Id*. at 998 (stating that the "record must clearly imply that the relevant factors were considered").

## B. Denial of Pegram's § 3583(e)(1) Motion

Here, the district court did not abuse its discretion in denying Pegram's § 3583(e)(1) motion. The district court was not

required to explicitly consider or invoke the sentencing factors and it was sufficiently apparent from its written order that the court considered the relevant sentencing factors.

The district court stated that it had carefully reviewed the record, including Pegram's § 3583(e)(1) motion.  The court noted the reasons Pegram was "especially vulnerable" and Pegram's arguments for why his supervised release should be terminated early—that he had "done well on supervision," was "unlikely to recidivate," had been employed for multiple years, and "helps people in the community."  These statements show the district court considered relevant factors, such as Pegram's history and characteristics, protection of the public, and the need for educational or vocational training, medical care, or other correctional treatment. *See Johnson*, 877 F.3d at 997-98.

The district court explicitly stated that early termination of Pegram's supervised release was not warranted—despite Pegram's assertion that certain factors weighed in his favor—"in light of the serious nature of the crime of which [Pegram] was convicted." Although the district court's reference to the serious nature of Pegram's crime used language similar to that found in § 3553(a)(2)(A), Pegram fails to demonstrate that such consideration was not regarding "the nature . . . of the offense," which is found in § 3553(a)(1), one of the enumerated factors.  *See* 18 U.S.C. § 3583(e).  Because the nature of the offense is a relevant factor, the district court did not improperly consider the serious nature of Pegram's crime.

Additionally, the district court's order provided a sufficient basis to afford meaningful appellate review because it explained the court's determination that the serious nature of Pegram's child pornography crime outweighed the other factors Pegram asserted in his motion. Accordingly, we find no abuse of discretion and affirm the denial of Pegram's § 3583(e)(1) motion to terminate early his supervised release term.

**AFFIRMED.**